26513. JONES *v.* THE STATE.

Decided February 17, 1938.

*P. Z. Geer,* for plaintiff in error.

*S. M. Watson, solicitor, B. C. Hays,* contra.

MacINTYRE, J. The defendant was found guilty of selling whisky. He moved for new trial which motion was overruled and he excepted. The bill of exceptions recites: "The court was advised by the defendant that he did not have counsel to represent him in said criminal case, and that from his poverty he was unable to employ counsel to represent him in said case, and thereupon, the trial judge in said court appointed Walter Geer and Carlton Newberry to represent the defendant, now movant in said criminal case, and neither said Walter Geer nor Carlton Newberry were attorneys at law at the time of the court's appointing them to represent movant, and neither of said parties has ever been admitted to the bar; moreover, neither Walter Geer nor Carlton Newberry were attorneys at law at the time that they undertook to represent this defendant in said case, and your movant shows that

at the time the court appointed said young men to represent him, he did not know that neither one of them were lawyers."

The constitution of the State of Georgia (Code, § 2-105) provides: "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel." "It is well settled that in the trial of a criminal case, whether a felony or a misdemeanor, the accused has the right to be present, in person and by his attorney, during every stage of his trial from the arraignment to the verdict. *Lyons* v. *State, 7 Ga. App.* 50 (66 S. E. 149), and citations. This right can not be lost except by a clear and distinct waiver thereof by the accused. *Martin* v. *State, 51 Ga. 567*, and citations. This right is guaranteed to the accused by the fundamental law of this State, in order that he and his counsel may see to it that he has a fair and impartial trial, and that nothing is done that would in any wise tend to his prejudice." *Miller* v. *State,* 13 *Ga. App.* 440, 442 (79 S. E. 232). This right of benefit and privilege of counsel "should be strictly guarded and preserved." *Martin* v. *State,* 51 *Ga.* 567. However low or poor the defendant may be he can rely upon this right, and the same due responsibility rests upon counsel appointed by the court to represent him as if they received the fullest pecuniary compensation. No misunderstanding upon the part of the judge shall forfeit this substantial right of the defendant when he is being tried for a crime that might involve his liberty. We can not say with counsel for the State that the defendant waived his right of benefit of counsel under the record in this case. "Waiver is based upon knowledge. It can not be implied where the party in whose favor the right existed is ignorant of his right or of any fact which would substantially or materially affect the exercise of that right and tend to prevent a waiver." *Plumer* v. *Continental Casualty Co.,* 12 *Ga. App.* 594, 599 (77 S. E. 917). The case of *Gallin* v. *State,* 17 *Ga. App.* 406 (87 S. E. 151), upon which the State relied, is easily distinguished on its facts. The defendant was unintentionally deprived of his constitutional rights and this error should be corrected.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*