## 35466. DEIN et al. v. MOSSMAN.

MARSHALL, Justice.

This is a child custody dispute which aligns the maternal grandmother and stepgrandfather of a two-year-old girl against the child's natural mother. The trial court found that the grandparents are unfit to have custody of the child, and they appeal.

This action began by the grandparents' filing in the DeKalb Superior Court a petition for writ of habeas corpus against the mother, whereby they sought custody of the child. In the petition, they state that they have legal custody of the child under a final order of adoption consented to by the mother; however, the mother has taken the child and fled to Pennsylvania, where she has obtained a court order granting her temporary custody of the child.

The mother filed an answer and counterclaim to the habeas corpus petition. In the answer, she set up various defenses. One of these defenses is that the plaintiffs, who stand in the position of parents to her and grandparents to the child, are unfit parents because of numerous previous instances in which they had forced the defendant to engage in sexual relations with the two of them. More specifically, the defendant alleged that, for a period of time both prior to and after the birth of the child, her stepfather, with the consent and voluntary participation of her mother, had forced her to perform sexual acts with both of them.

The child's mother also alleged in her answer that she had been deceived by her mother and stepfather into signing the adoption papers, and that she had not consented to their adoption of the child voluntarily and with an understanding of the significance of the adoption proceedings. In the counterclaim, she requested that the adoption order be set aside and that her parental and custodial rights to the child be restored.

It was determined by the DeKalb Superior Court and the domestic relations court in Pennsylvania that, under the Uniform Child Custody Jurisdiction Act (Code Ann. Ch. 74-5; Ga. L. 1978, p. 258), the Georgia courts have jurisdiction of this custody dispute. Accordingly, it was

ordered that the child be returned to Georgia. In order to aid it in making a final ruling in this case, the trial court ordered the DeKalb County Department of Family &, Children Services (DFCS) to conduct an investigation of the allegations concerning the grandparents' sexual misconduct. Temporary custody of the child was placed in DFCS.

Subsequently, the defendant voluntarily dismissed her answer and counterclaim in the habeas corpus action, and she filed a separate action to set aside the adoption order.

Trial counsel for the grandparents rejected an offer of the trial court to hold a hearing to consider evidence concerning the grandparents' fitness to maintain custody of the child. Based on a stipulation by the grandparents' trial counsel that the report of DFCS, together with certain attachments thereto, could be received in evidence,[1] the trial court entered an order finding that the grandparents are not fit custodians of the child.[2] However, in the order, the trial judge did give the plaintiffs 30 days in which to request a hearing to present evidence concerning their fitness as parents.

After being informed of the order of the trial court, counsel for the plaintiffs filed a motion denying that he had stipulated for the introduction in evidence of the two attachments to the DFCS report. These two attachments are a psychiatric report concerning the defendant and the results of a polygraph examination administered to her. The results of the polygraph examination show that she was telling the truth when making the sexual-misconduct charges against the plaintiffs.

---

[1]The plaintiffs dispute this. See Division 3, infra.

[2]Apparently, trial counsel for the plaintiffs was of the view that, since the defendant's answer and counterclaim had been dismissed, the trial court was required to grant the plaintiffs' petition for habeas corpus without inquiring into their fitness as parents. This would explain a cavalier attitude on counsel's part in having the trial court consider reports containing damaging information concerning his clients.

Counsel for the plaintiffs moved to suppress the results of the polygraph examination administered to the defendant. The plaintiffs also filed a motion for recusal of the trial judge, because of his consideration of the results of the polygraph examination.

The foregoing motions were heard and denied by the trial judge at the commencement of the evidentiary hearing which was requested by the plaintiffs to present evidence concerning their fitness as parents. After the hearing, the trial judge entered an order ruling that the plaintiffs are unfit as custodians of the child and denying their petition for writ of habeas corpus. Under the order, custody of the child is continued in DFCS. The present appeal is from this order.

1. In the first enumeration of error, the appellants argue that the superior court in a habeas corpus action for child custody lacks the authority to enter an order terminating parental rights. We agree.

Under Code Ann. § 24A-301(a)(2)(C), the juvenile court "shall be" the sole court for initiating action for the termination of the legal parent-child relationship. *Cothran v. Cothran,* 237 Ga. 487 (228 SE2d 872) (1976); *Brooks v. Leyva,* 147 Ga. App. 616 (249 SE2d 628) (1978).

The appellants go on to argue that, since the superior court lacked jurisdiction to terminate their parental rights, the court was required to grant their petition for habeas corpus, inasmuch as they are the legal custodians of the child under the adoption order. With this argument we disagree.

"In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise his discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." Code § 50-121. "The trial court, upon hearing a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom its custody shall be given. Such discretion should be governed by the rules of law, and be exercised in favor of the party having the prima facie legal right to custody of the child unless the evidence shows that such person has lost the right to custody through one of the ways recognized in Code §§

74-108, 74-109, and 74-110, or through unfitness." *Williams v. Ferrell,* 231 Ga. 470 (1) (202 SE2d 427) (1973). Accord, e.g., *Guest v. Williams,* 240 Ga. 316 (240 SE2d 705) (1977); *Triplett v. Elder,* 234 Ga. 243 (1) (215 SE2d 247) (1975).

2. In the second enumeration of error, the appellants argue that the trial judge erred in refusing to disqualify himself because of his consideration of the results of the polygraph examination and his prejudicial attitude toward the appellants and their trial counsel.

For reasons stated in Division 3, infra, we hold that the trial judge did not err in considering the results of the polygraph examination. Nor do we find that the trial judge should have disqualified himself because of prejudice toward the appellants and their trial counsel. The record shows that, although this case was fraught with emotion and the trial judge was subjected to overbearing pressure by trial counsel for the appellants in order to prompt him into acting on their habeas corpus petition,[3] the trial judge in fact maintained his impartiality.[4]

Under the Georgia Code of Judicial Conduct, Canon 3 C, a judge is required to disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where he has a personal bias or prejudice concerning a party. *Savage v. Savage,* 234 Ga. 853 (218 SE2d 568) (1975). Adjudged by this standard, we find that the trial judge did not err in refusing to disqualify himself in this case.

---

[3]We note that the appellants have employed different counsel to represent them on appeal.

[4]In this regard, we note that, after entry of the initial order finding the appellants unfit to have custody, the trial judge gave the appellants 30 days to request an evidentiary hearing, even though their attorney had already rejected such an offer. It also appears that the defendant in the habeas corpus action, the child's natural mother, sought to have the trial judge assume jurisdiction of her petition to set aside the final adoption order. This the trial judge declined to do.

3. In the third enumeration of error, the appellants argue that the trial judge erred in admitting the results of the polygraph examination administered to the child's natural mother in that this was not expressly stipulated in evidence by counsel for the appellants.

At the hearing below, the trial judge ruled that the appellants' trial counsel had orally agreed for the trial judge to base his ruling in this case on the DFCS report, psychiatric report, and polygraph examination results, all of which had been forwarded by the trial judge to counsel for the parties prior to the trial judge's consideration of these documents. The trial judge ruled that counsel for the appellants had agreed to this in lieu of an evidentiary hearing.

The appellants cite to *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977), wherein this court ruled, ". . . upon an express stipulation of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evidence. . ."

Here, the trial judge ruled that counsel for the appellants had expressly, albeit orally, stipulated that the results of the lie detector test could be received in evidence.[5] Although we agree that stipulations of this kind generally should be either in writing or made in open court, we are unable to say that the trial judge's ruling that there was an express stipulation here is erroneous. "In a motion to suppress or exclude a polygraph examination, as in a Jackson-Denno hearing, the trial judge is the trier of fact and resolves any and all issues of truthfulness, credibility, and conflicts in the evidence. His decision will not be disturbed in the absence of obvious error." *Williams v. State,* 148 Ga. App. 55, 56 (250 SE2d 848) (1978).

4. In the final enumeration of error, the appellants argue that the record is devoid of evidence that they are

---

[5]It does not appear that the defendant in the habeas corpus action stipulated that the results of the polygraph examination could be received in evidence; however, she dismissed her answer and counterclaim before the trial judge admitted the polygraph examination results.

unfit as parents. They also contend that, as the child's adoptive parents, they stood in the position of her natural parents and, therefore, it must be shown by clear and convincing evidence that they are unfit before they can be deprived of custody of the child. E.g., *Heath v. Martin,* 225 Ga. 181 (2) (167 SE2d 153) (1969).

We find that it has been shown by clear and convincing evidence that the appellants are unfit as parents. Accordingly, we hold that the trial court did not abuse its discretion in denying their habeas corpus petition for child custody.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 28, 1979 — DECIDED NOVEMBER 21, 1979 — REHEARINGS DENIED DECEMBER 4 AND DECEMBER 19, 1979.

*Glenn Zell, Irwin W. Stolz, Jr., Alan Armstrong,* for appellants.

*M. T. Simmons, Jr., Benjamin Landey,* for appellee.