39418. VAN KLEECK v. THE STATE.

MARSHALL, Presiding Justice.

Mary Margaret Van Kleeck appeals from her convictions of the murder of and theft by taking from Doc Hicks, for which offenses she was sentenced to life imprisonment and a concurrent five-years' imprisonment, respectively.

1. The appellant's first enumeration of error is the denial of her motion for mistrial on the ground that the testimony of Detective Swinney, regarding the substance of the appellant's in-custody oral statement, was admitted in contravention of OCGA § 17-7-210 (Code Ann. § 27-1302), because the witness' version was allegedly more incriminating than the written summary furnished to the defense before trial.

OCGA § 17-7-210 (Code Ann. § 27-1302) provides in pertinent part: "(b) If the defendant's statement is oral or partially oral, the prosecution shall furnish, in writing, all relevant and material portions of the defendant's statement . . . (d) If the defendant's statement is oral, no relevant and material (incriminating or inculpatory) portion of the statement of the defendant may be used against the defendant unless it has been previously furnished to the defendant, if a timely written request for a copy of the statement has been made by the defendant."

The summary of the appellant's oral statement furnished to the defense prior to trial contained these statements: "The vase is the object Ms. Van Kleeck had told authorities she used to kill Mr. Hicks . . . After I had hit Dock [sic] in the head and dragged him into the bathroom, she stated, she went to Calhoun to get Bruce [her

husband] . . . She said that when she dragged Dock [sic] into the bathroom, she had placed towels around his head, neck, and shoulders to keep the blood from running down on him."

At trial, Detective Swinney related the appellant's oral statement as follows: "She stated that they argued for awhile. Doc started walking towards her; she was standing at the corner of the kitchen table; she picked up a cut-glass vase that was on the kitchen table; she struck Doc in the head with this vase knocking him to his knees. She told me that she — that Doc tried to pull himself back up by the kitchen chair, and that she struck him repeatedly in the head with this vase, until the vase broke. She then advised she dragged the body into the bathroom area of the residence and that she placed towels around his neck to keep the blood that was flowing from his head from flowing on down onto his body and onto the floor."

We find that the written summary (which need not be a verbatim account) furnished "all relevant and material portions of the defendant's statement" regarding the complained-of testimony, with the possible exception of the statement that the appellant had struck the victim in the head *repeatedly, until the vase broke.* While this statement was incriminating in that it tended to make more likely the possibility that the appellant was guilty of murder rather than a lesser included offense, we find it highly probable that this testimony, if error, did not contribute to the verdict; the appellant acknowledged on cross-examination that she had not told the police at the time of her arrest about the victim's alleged physical attack upon her, and the objected-to testimony was also cumulative of other evidence, including the appellant's own testimony. See *Wallin v. State,* 248 Ga. 29 (5) (279 SE2d 687) (1981). Furthermore, we have held that, even where the prosecution has failed to file a written answer, harm as well as error must be shown to authorize a reversal by this court. *Chenault v. State,* 234 Ga. 216 (2) (215 SE2d 223) (1975).

2. In the second enumerated error, the appellant contests the sufficiency of the evidence to authorize her conviction. We have reviewed the evidence in the light most favorable to the prosecution, and conclude that a rational trier of fact could have found the appellant guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In the third enumerated error, the appellant complains of the trial judge's denial of her motion to suppress her in-custody statements and the results of her polygraph examination on the ground that she did not have counsel present at such times following her request for counsel.

Our review of the transcript of the hearing on the motion to suppress leads us to conclude that the trial judge was authorized to

find that the defendant and her husband voluntarily came to the jail; that she was not placed under arrest and was told that she was not under arrest; that she was given an opportunity to call two attorneys, one of whom she talked to but who was unable to represent her at that time, the other one not being available to talk to at that time; that the defendant's request for counsel was solely for the purpose of making a decision as to whether or not to submit to a polygraph examination; that she subsequently consulted with her husband and decided on her own volition, without benefit of counsel and without threat or promise, to take the polygraph examination; and that the defendant voluntarily, knowingly and intelligently signed a written waiver of her "Miranda" rights prior to both her polygraph examination and her in-custody statement.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 1983.

*Roberts & McManus, Kermit N. McManus,* for appellant.

*Stephen A. Williams, District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.