### 41090. McGHEE v. THE STATE.
(319 SE2d 836)

CLARKE, Justice.

Michael McGhee was convicted of murder and sentenced to life imprisonment. He appeals. We affirm.

On the day of the murder Carl Phillips asked McGhee, a neighbor and high school classmate, to go with him to look for two persons who had supposedly broken into his car. They encountered Victor Wilkins, the eighteen-year-old victim, and his brother Preston, who were walking to their grandmother's house. The victim was acquainted with McGhee and Phillips, and the brothers entered the car willingly when it was suggested that they go to find some marijuana. The victim sat behind the driver, Phillips, and Preston sat behind McGhee. After driving for some time, they reached the vicinity of Union City, Georgia. Phillips stopped and questioned the victim as to the vandalization of the car. The victim denied that he was involved. At this point Phillips pulled out a .32 caliber revolver and shot both Preston and the victim. Preston pretended to be dead. Because he kept his eyes closed, his testimony as to what happened next is based on what he heard. Preston heard his brother say "Michael [appellant] I'm going to tell," to which McGhee replied, "No you ain't." The victim tried to escape through the rear passenger window of the car, which was now moving. Preston heard the driver tell the passenger to shoot him again. Preston then heard three or four more shots. The medical examiner testified at trial that the victim had been wounded by shots from both a .22 caliber revolver and a .32 caliber revolver. The victim was observed by another witness to be clinging to the roof of the moving car. This witness testified at trial that after he had been dragged one or two blocks someone on the passenger side reached out and unhooked his foot, causing him to fall. The car sped away and, although help was summoned, the victim died on the way to the hospital.

Preston, who was still pretending to be dead, was dragged from the car by Phillips and McGhee and rolled down a hill into a park. Police shortly afterwards stopped Phillips' car and found a .32 caliber revolver and a .22 caliber revolver and ammunition under the front passenger seat. Preston, who had sought assistance in the park, was taken by the police to the car where he identified Phillips and McGhee.

McGhee denied firing either weapon. He later stated that he had fired the .22 caliber revolver earlier in the day. When interviewed at

the hospital Preston said that the passenger shot his brother. The Union City Chief of Detectives testified at trial that in his interview with Carl Phillips, Phillips said that McGhee had fired the gun. Handwipings from both Phillips and McGhee revealed similar amounts of gunshot residue on the hands of each.

1. Appellant enumerates as error admission into evidence of the weapons and ammunition found in the car. The warrantless search of the vehicle was conducted after a lawful stop of the car during which police observed bloodstains on the rear seat. Acting on a description of the vehicle given by witnesses who saw the victim fall from the car, police identified and stopped Phillips' car. After observing blood on the car police conducted a limited search of the passenger compartment and found the guns and ammunition under the passenger side of the front seat. McGhee complains that these weapons and ammunition should have been suppressed because of the warrantless search.

Appellant failed to object to this evidence at trial and is therefore prohibited from raising an objection on appeal. *Sheffield v. State*, 235 Ga. 507 (220 SE2d 265) (1975). However, even if objection had been made, we find that when the police received a call to be on the lookout for a car which had been involved in a shooting and the car in question roughly fit the description given for the lookout, this provided the basis for an articulable suspicion justifying the stop. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); *Brisbane v. State*, 233 Ga. 339 (211 SE2d 294) (1974). Once police observed blood on the car they were justified in placing Phillips and McGhee in patrol cars and conducting a search of the passenger compartment which disclosed the weapons. The search was justified as a search incident to an arrest and as a search under the automobile exception to the Fourth Amendment. *Chambers v. Maroney*, 399 U. S. 42 (90 SC 1975, 26 LE2d 419) (1970); *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925). Another exigent circumstance was the urgency of either confirming that this was the car involved in the murder or ruling out this car so that the search could continue. Furthermore, a mere passenger who asserts an interest in neither the car nor the property found in it has no standing to object to the search of the automobile. *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978).

2. Appellant next contends that he was improperly identified by Preston Wilkins in that Wilkins was improperly brought to the arrest scene and in that in essence he (McGhee) was placed in a line-up without benefit of counsel and without being advised of his rights. Since the "line-up" at the arrest scene was held prior to the initiation of adversary judicial proceedings, appellant was not entitled to counsel. *Jones v. State*, 243 Ga. 820 (256 SE2d 907) (1979). Preston's being taken to the arrest scene to identify the two suspects was not im-

proper as unduly suggestive. The arrest scene identification was justified because the police were in "hot pursuit" of suspects and needed to quickly ascertain if the persons apprehended were the actual perpetrators. There was little danger of misidentification because Preston had spent more than thirty minutes in the car with Phillips and McGhee prior to the shooting, which had taken place shortly before the arrest. Under these circumstances it was proper and appropriate to bring him to the scene. Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). Further, since appellant admitted his presence during the entire episode, denying only that he ever shot a weapon, the identification if improper was harmless.

3. McGhee objects to testimony as to a statement he made prior to receiving Miranda warnings. McGhee stated, as he stepped out of the car after being stopped by police, "The only thing I know is I'm going to see a girl down here." This statement was spontaneous and was not inculpatory. Further, there was no objection to it at trial.

4. Appellant contends that the weight of the evidence as to the murder is contrary to the verdict. We find that the evidence was sufficient to justify the verdict under the test of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. The next issue raised by McGhee is the admission of testimony of a non-expert witness concerning the trajectory of a bullet. The testimony complained of is that of a microanalyst from the state crime lab who examined the .32 caliber and .22 caliber revolvers, bullets and bullet fragments, and the automobile in which the shooting took place. When the witness was questioned as to the direction from which a bullet was fired the defense counsel objected on the basis that the witness was not a firearms expert. The court sustained the objection, and the prosecutor then asked if the witness had had occasion to notice the projectory of bullets in the course of his work with the state crime lab. The witness said that he had. He then asked if the witness had an opinion as to the direction from which the bullet came. The witness said that he did have an opinion, and the court ruled that he be allowed to give it provided he stated sufficient facts from which a non-expert could draw a conclusion. The witness testified that there was a depression in the metal of the roof of the vehicle and that the depression was from the inside to the outside. The indentation was surrounded by metal fragments of some origin. He then testified as to his opinion that the indentation was more consistent with the bullet coming from the passenger's side than from the driver's side of the car. There was no error in the admission of this testimony. The witness, who worked in the field of analysis of crime scenes for the state crime lab, was authorized to give an opinion after explaining the facts upon which the opinion was based. OCGA § 24-9-65. The witness was subjected to vigorous cross-examination and it

was a matter for the jury to assign weight to this opinion.

6. In his final enumeration of error McGhee complains that the court ordered the jury to disregard testimony which he gave relative to a polygraph test. McGhee took two polygraph tests. One was taken privately and one was taken after a stipulation by both sides that the results would be admissible. There was no such stipulation in regard to the first polygraph taken here. Therefore, the results of that test were not admissible, and the trial court was correct in instructing the jury to disregard any reference to the earlier polygraph on the basis that there was no evidence of another polygraph before them. *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977). McGhee argues that the testimony which he was prevented from giving related not to the results of the test but to a reference to it made by the examiner at the second test. However, he failed to object to the court's ruling that the jury would be instructed to disregard any reference to the first polygraph. In fact, at the end of the bench conference the court announced its intention to instruct the jury to disregard any comments whatsoever about the earlier polygraph. When asked if he had any problem with that ruling, counsel for McGhee said, "No, Your Honor." Therefore, appellant cannot now complain that he was unable to refer to the test for some purpose other than to testify to the results of the test. Moreover, appellant's allegation that the court's instruction to the jury constituted a comment upon the testimony is without merit.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED SEPTEMBER 6, 1984.

*Robert Strickland, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.