### 71097. JOHNSON v. THE STATE.
(340 SE2d 662)

BEASLEY, Judge.

Appellant was tried by a jury and convicted of two counts of forgery in the first degree, OCGA § 16-9-1, for knowingly possessing two gasoline charge card invoices "in such a manner that the writing as made purports to have been made by authority of one who did not give such authority, and did utter and deliver said writing."

1. Appellant's enumerations of error are treated in reverse order because of the effect of the second on the first. He asserts that the admission into evidence of an inculpatory tape-recorded interview he had with the Atlanta Police Department's internal affairs division violated OCGA § 17-7-210 because the state failed to provide it prior to trial.

"OCGA § 17-7-210 'protects an accused from the introduction at trial of incriminating or inculpatory statements made by him *while in custody* unless he has been furnished with written copies of these statements prior to trial.' [Cit.]" *Powell v. State*, 171 Ga. App. 876, 881 (2) (321 SE2d 745) (1984).

First, the statement was not made by appellant while in custody but rather two days prior to his arrest when he was called to answer questions before the internal affairs division of his employer, the police department. Only a custodial statement is required to be supplied pursuant to OCGA § 17-7-210. *Mason v. State*, 177 Ga. App. 184 (338 SE2d 706) (1985).

Second, counsel was given a written summary of the statement prior to trial which included " 'all relevant and material portions of the defendant's statement' regarding the complained-of testimony." *Van Kleeck v. State*, 250 Ga. 551, 552 (1) (299 SE2d 735) (1983). Even if the statement had been custodial, a "verbatim account" was not required. Id.

Thirdly, the summary, which had been given to counsel along with the police report and the list of witnesses before the hearing scheduled on his motions, showed that the interview was tape-recorded. Appellant had actually held the microphone in his hand. Yet counsel did not ask for the tape but instead announced to the court that all his motions had been complied with and satisfied. Even when a transcript of the tape was offered to him the day before trial, he refused it.

Finally, contrary to appellant's assertion, admission of the statement was not in violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Because appellant's own statement was the subject of the *Brady* motion, "this was not information unknown to the defense and subject to discovery under *Brady*." *Powell*, supra at 880, citing *Cunningham v. State*, 248 Ga. 558, 561 (284 SE2d 390) (1981). *Brady* does not apply to appellant's own tape-recorded statements. *White v. State*, 255 Ga. 210 (336 SE2d 777) (1985). Moreover, what was pointed to as exculpatory did not relate to the two invoices charged and was not, when read in context, exculpatory at all but served to more fully describe appellant's scheme.

2. Appellant asserts that the trial court committed reversible error by admitting photocopies of charge card invoices and related documents in violation of the original document rule.

There are at least two reasons underlying the admissibility of these documents. First, OCGA § 24-5-4 has no application where the contents of a writing are not at issue. *Pryor v. State*, 238 Ga. 698, 707 (9) (234 SE2d 918) (1977).

At issue here is whether appellant, a gas station employee, intentionally completed credit card invoices in amounts which did not reflect the cardholders' true purchases, placed these erroneous unauthorized invoices, as well as the valid corrected invoices, into the store's cash register, and took cash from the register or gas from the pumps in the amount of the unauthorized invoices. Appellant's defense was that he had made honest mistakes in filling out the amounts of purchase on the invoices, had discarded the erroneous invoices, and that someone else had picked up the discarded invoices and placed them in the register in exchange for cash. As "the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of an independent fact, to which the writing is merely collateral or incidental," the original document rule does not apply.

*Burke v. State*, 153 Ga. App. 769, 770 (4) (266 SE2d 549) (1980). Since appellant did not dispute the existence or contents of the documents, the statute did not apply. *Springer v. State*, 238 Ga. 81 (1) (230 SE2d 883) (1976).

Secondly, there was the admissible evidence of a taped interview of appellant in which he had confessed the scheme and identified the documents as being copies of the fictitious invoices and invoice summary transmittal sheets he had completed and negotiated. Thus, those exhibits, which were copies of the original invoices and transmittal sheets, were admissible as original evidence. *Montgomery v. State*, 154 Ga. App. 311 (268 SE2d 723) (1980); *Harp v. State*, 169 Ga. App. 670, 672 (2) (314 SE2d 686) (1984).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 7, 1986.

*Robert A. Moss*, for appellant.

*Robert E. Keller*, District Attorney, *Clifford A. Sticher*, Assistant District Attorney, for appellee.