## A91A0440. AUSTIN v. THE STATE.
### (406 SE2d 500)

McMURRAY, Presiding Judge.

Via accusation, couched in two counts, defendant was charged with driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) and driving with unlawful alcohol concentration in violation of OCGA § 40-6-391 (a) (4). The jury returned a verdict of guilty on each count of the accusation but sentence was imposed on Count 2 only. This appeal followed the denial of defendant's motion for a new trial. *Held:*

1. The arresting law enforcement officer testified that he responded to an accident call and came upon defendant's vehicle "in the eastbound lane of traffic, facing westbound." Defendant was outside of the vehicle, "changing his tire." The officer detected a "pretty strong" odor of alcohol on the person of defendant. He observed that defendant's eyes were "glassy and bloodshot," his clothing was "soiled and messy," and his demeanor was "combative." Responding to the officer's questions, defendant stated that "as he was operating his car he had a blowout which caused him to veer off the road, spun him around and that's why he was changing his tire." Defendant was unable to successfully perform field sobriety tests administered by the officer. Accordingly, the officer placed defendant under arrest. Following his arrest, defendant told the officer that "his car went into a puddle because it was raining that day. His car drove into a puddle where he lost control and it pulled his vehicle off the side of the road striking the curb." Based on the mud on defendant's tires

and the skid marks on the grass, the officer opined that defendant's vehicle had been driven shortly before he arrived at the scene. A breath test subsequently administered to defendant by another officer showed defendant's alcohol concentration to be .18 grams.

The evidence was more than sufficient to show that defendant was guilty of driving a motor vehicle with an unlawful alcohol concentration in violation of OCGA § 40-6-391 (a) (4) beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). "Circumstantial evidence may be sufficient to authorize a finding that a defendant accused of driving a motor vehicle under the influence of intoxicants was guilty of the offense although no witness testified positively to having seen him operating the vehicle. Where a police officer comes upon a defendant standing beside his wrecked automobile which has skidded off the road and into a ditch, who admits he was the driver of the vehicle, is unsteady on his feet, talks incoherently, is unable to explain the details of the single-vehicle accident, and reeks of alcohol, such testimony is sufficient to support the conclusion that the defendant was driving while intoxicated. [Cits.]" *Lawrence v. State,* 157 Ga. App. 264 (1) (277 SE2d 60). Enumerations of error 5, 6, 9, 10 and 11 are without merit.

2. Defendant contends the trial court erred in refusing to exclude two inculpatory statements which the prosecution failed to deliver pursuant to OCGA § 17-7-210. The statements, made by defendant to the arresting officer, are set forth in Division 1.

We find no reversible error. The first statement was noncustodial and, therefore, it was not discoverable under OCGA § 17-7-210. *Johnson v. State,* 177 Ga. App. 705 (1) (340 SE2d 662). See *Jordan v. State,* 166 Ga. App. 417, 419 (2) (304 SE2d 522). Insofar as the second statement was inculpatory (in that it showed defendant operated the vehicle), it was merely cumulative of the first statement and cannot be said to have been harmful. *Adams v. State,* 190 Ga. App. 393, 396 (3) (379 SE2d 205). Enumerations of error 1 and 2 are without merit.

3. The trial court gave defense counsel an opportunity to interview the arresting officer prior to trial. Defendant complains that the trial court only permitted his counsel to interview the officer for five minutes in the presence of the assistant solicitor. Defendant's complaint lacks substance. Assuming, arguendo, defendant was entitled to interview the officer, the trial court did not place a time limit on the interview. It advised defense counsel to "let [the trial court] know when you have talked enough." Insofar as the assistant solicitor's presence is concerned, the trial court directed "the officer not to be influenced by the presence of [the assistant solicitor] in any way. . . . He is just listening." We fail to see how defendant was harmed (and defendant has not offered any suggestions of harm) in this regard. The third enumeration of error is meritless.

4. In his fourth enumeration of error, defendant contends his custodial statement should have been excluded because it was made in the absence of a *Miranda* (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) warning. This contention is without merit. Defendant objected to the introduction of his custodial statement on the ground that the State failed to provide the statement pursuant to OCGA § 17-7-210. Defendant did not urge the exclusion of his statement on constitutional grounds. He cannot assert such grounds on appeal. *Mallory v. State*, 230 Ga. 657, 658 (198 SE2d 677); *Ortiz v. State*, 189 Ga. App. 428 (375 SE2d 891).

5. The trial court's charge was clear, complete, apt and adjusted to the evidence. Enumerations of error 7, 8, and 12 are without merit.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 20, 1991 — 

*Richardson, Chenggis & Constantinides, George G. Chenggis*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, K. Eric Morrow, Assistant Solicitors*, for appellee.