A91A1999. IVEY v. THE STATE.
(418 SE2d 71)

POPE, Judge.

Defendant was convicted of two counts of child molestation of his teenaged daughter and appeals.

1. Defendant first argues the trial court erred in denying his motion to suppress the results of a polygraph examination defendant took before he was represented by counsel. The record shows that on the day defendant was arrested, after he had been informed of his rights to remain silent and to an attorney and had signed a written *"Miranda"* form, he agreed to take a polygraph test. Seven days later, after the defendant was released on bond, he voluntarily went to the sheriff's office to give the arresting deputy information about a witness. Again, defendant agreed to take a polygraph examination. The following day the deputy accompanied the defendant to an office of the Georgia Bureau of Investigation to take the examination. Defendant signed a written form consenting to the examination and to the admission of the results into evidence at any legal proceeding against him. The deputy testified he explained to defendant that the results could be used as evidence at trial. When he arrived at the GBI office, he signed another written waiver of his right to remain silent which noted he had been informed of his right to consult with a lawyer and have a lawyer present while he was being questioned. Nevertheless, he went forward with the polygraph examination.

Defendant acknowledges that pursuant to *State v. Chambers*, 240

Ga. 76 (239 SE2d 324) (1977), "upon an express stipulation of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." Id. at 76-77. He argues, however, that the results of such a test should not be admitted when the defendant consented to take the test and stipulated to its use as evidence without the advice of counsel. Defendant cites no law in support of his argument and, at the hearing on his motion to suppress, defendant's attorney admitted he had searched but found no law to support his argument. In this case, defendant repeatedly agreed to take the test. He was not in custody and had over one week to think about his agreement and to retain counsel or seek the appointment of counsel before going forward with the test. Twice he signed a written waiver indicating he had been informed of his right to remain silent and to the assistance of counsel. We hold that when the defendant makes a knowing waiver of his right to counsel and stipulates to the admissibility of the results of a polygraph examination, the results are admissible at trial.

2. Defendant also argues the evidence was insufficient to sustain his conviction because evidence was presented that both the victim and her sister, who testified the defendant, her father, had also molested her, had denied defendant molested them in statements given to others before the trial. Both young women admitted they had denied mistreatment by their father when a State agent interviewed them at their home when their father was present. They explained that they were afraid of telling the truth in their father's presence. The victim also admitted renouncing the allegations she had made against her father prior to trial when her father drove to Alabama, where she had been living prior to the trial, and took her to his attorney's office to make a statement. She explained that she denied the allegations she had made against her father out of fear, because he had made threatening comments to her.

The credibility of the witnesses and the weight to be given their testimony is a question for the jury. See *Lawrence v. State*, 198 Ga. App. 287 (401 SE2d 275) (1991). Sufficient evidence was presented for the jury to find the defendant guilty beyond a reasonable doubt.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 13, 1992 —
RECONSIDERATION DISMISSED APRIL 10, 1992 —

Bagby, Bagby & Henley, T. Lee Henley, for appellant.
William A. Foster III, District Attorney, Thomas V. Driggers,

*Assistant District Attorney,* for appellee.