## A93A0804. BROWN v. THE STATE.
### (433 SE2d 321)

BEASLEY, Presiding Judge.

Brown appeals from the judgments of conviction and sentences entered for two counts of child molestation, OCGA § 16-6-4 (a), and from the denial of his motion for new trial and extraordinary motion for new trial.

1. Appellant contends that the trial court erred in denying his motion in limine and admitting testimony concerning the results of a State-conducted polygraph examination.

Appellant's daughter, age 13, disclosed to a girl friend that appellant had been sexually molesting her for several years. The friend's mother reported the conduct to the Department of Family & Children Services. As a result, a DFACS caseworker and an investigator with

the sheriff's department interviewed the victim at her home on August 13, 1991. She revealed being sexually molested by her father on numerous occasions, beginning when she was seven or eight years old.

Later that day, appellant and his wife were telephoned by the investigator and the DFACS caseworker. They agreed to come to the investigator's office where appellant was interviewed by the investigator concerning his daughter's complaint. Appellant denied the allegations and agreed to take a polygraph examination. The investigator presented him with a form captioned "stipulation for admissibility of polygraph examination results," which stated that appellant is under investigation for child molestation and requests a polygraph examination concerning the allegations, to be administered by an authorized State examiner. The document further provided: "[Appellant] hereby stipulates his consent for the admission of the results of the polygraph examination in evidence at any legal proceeding including trial that may arise out of the aforementioned investigation. The District Attorney hereby stipulates on behalf of the State his consent for the admission of the results of said polygraph into evidence at any legal proceeding against [appellant] that may arise out of this investigation. [Appellant] further stipulates that if he should refuse to take the agreed upon polygraph examination subsequent to this stipulation, such refusal shall also be admissible into evidence." The investigator testified that he explained the contents of the document and advised appellant that the results were not admissible in court unless he signed the stipulation. Appellant acknowledged that he understood the document and signed it without promise or threat by the investigator. The examination was administered two days later and appellant was thereafter arrested.

The examiner was qualified as an expert at trial and testified concerning the testing procedure. Four relevant questions were posed pertaining to the present charges. The examiner testified that the subject was being deceptive when he gave "no" answers to those questions. The examiner was thoroughly cross-examined as to the accuracy of the test. Appellant testified, denying the charges.

Appellant had filed a pre-trial motion in limine seeking to exclude the results of the polygraph examination. A hearing was conducted, but no transcript has been provided nor is available for this court's review.

Appellant contends in the motion and on appeal that the polygraph results should have been excluded because he was inadequately informed concerning the lack of reliability of the test and was unrepresented by counsel when the stipulation was obtained and the test administered.

"[U]pon an express stipulation of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evi-

dence for the jury to attach to them whatever probative value they may find them to have." *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977). The undisputed evidence shows the investigating officer explained the terms of the stipulation to appellant who "said he understood and signed the form . . . freely and voluntarily." He was told the results were not admissible at trial unless he signed the stipulation. The contents of the form clearly provide that appellant "stipulates his consent for admission of the results in evidence at any legal proceeding including trial. . . ."

Nor is the stipulation invalid because it was executed without advice of counsel. Although in *Ivey v. State*, 203 Ga. App. 886 (1) (418 SE2d 71) (1992), defendant had been informed of his right to counsel before he underwent the examination, and caution recommends the practice, no authority has been presented that such is a prerequisite. We decline to create one because the fears of coercion and overbearing are not present, defendant was informed of his choices and the consequences of refusal or submission, he was not in custody, and it was not a critical stage of the proceedings against him. Defendant sought no counsel in the two days between being fully informed about it and the actual examination despite the opportunity to do so. Moreover, appellant was not in custody for *Miranda* purposes[1] at the time the stipulation was obtained or the test administered. His freedom of action was not in any way curtailed.

Appellant also cites *Miranda's* underlying principle of informed consent to support his argument that he should have been informed that the results would be inadmissible without his stipulation and that the reliability of polygraph tests is questionable. The evidence shows that appellant was advised as to the first item. As to the second, no such opinion warning is required. The value of the results and the weight to be given them is for the factfinder, not the evidence-gatherer, to judge. The stipulation and evidence of the polygraph results were properly admitted under *Chambers* and its progeny.

2. Appellant contends the trial court erred in denying his extraordinary motion for new trial based on the fact that the child (age 15 at trial) recanted her testimony after trial.

"The law is settled that a post-trial declaration by a State's witness that his former testimony was false is not a ground for a new trial." *Drake v. State*, 248 Ga. 891, 894 (1) (287 SE2d 180) (1982). See OCGA § 5-5-23. "Furthermore, motions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless [that] discretion is abused." *Jefferson v. State*, 157

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Ga. App. 324, 325 (1) (277 SE2d 317) (1981). After hearing evidence on the motion, the court found that the child's trial testimony was more credible than her subsequent recantation. We find no abuse of discretion.

*Judgments affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JULY 1, 1993 — 

*Little & Adams, Sam F. Little*, for appellant.
*Jack O. Partain III, District Attorney, Bert M. Poston, Jr., Assistant District Attorney*, for appellee.