### A93A1794. PATTERSON v. THE STATE.
(441 SE2d 414)

COOPER, Judge.

Defendant was tried before a jury and found guilty of child molestation in violation of OCGA § 16-6-4. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Appellant enumerates the general grounds. The evidence reveals that the victim, appellant's five-year-old stepdaughter, told her mother, her aunt, a teacher, a DFACS investigator, and a police investigator that appellant pulled down the victim's pants and rubbed his genitals across her vaginal region. Pursuant to OCGA § 24-3-16, these statements were admitted into evidence. Although the victim recanted from the stand, testifying that her prior accusations against appellant were false and had been induced by the jealous aunt, her prior inconsistent statements became substantive evidence that the molestation occurred as she had originally alleged. *Brown v. State*, 175 Ga. App. 246 (1) (333 SE2d 124) (1985). This evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Weeks v. State*, 187 Ga. App. 307 (1) (370 SE2d 344) (1988).

---

2. Appellant enumerates as error the denial of his motion in limine to exclude the results of a polygraph test. The record reflects that on October 9, 1990, after his formal arrest but while he was free on bond, appellant was questioned at home by Investigator Payne of the Fannin County Sheriff's Department about the victim's allegations. Appellant was orally advised of his right to remain silent and his right to have counsel present during any questioning, and orally waived those rights. During this interrogation, appellant and the investigator discussed the possibility of appellant taking a polygraph examination. Investigator Payne informed appellant that he did not have to take a polygraph and that the results of a polygraph would not be admissible in evidence unless he so stipulated in writing. Payne showed appellant the stipulation form, which included a waiver of the right to counsel but did not contain any notice or waiver of the right to silence or against self-incrimination. Nor did this form recite that the test results were inadmissible in evidence in the absence of the stipulation. Appellant declined to sign the stipulation form at that time, saying that he wanted time to think it over and to discuss it with his wife. On October 11, 1990, appellant appeared at the sheriff's office and informed Investigator Payne that he would agree to take the polygraph. The form stipulation as to the admissibility of the results was signed at this time. The examination was given on October 15, 1990, and on that day appellant signed a notice and waiver of rights indicating that he had completed school through the 12th grade. Appellant also signed a written consent form which recited that he was voluntarily agreeing to take the examination and informed him of his right to terminate the examination at any time. In compliance with OCGA § 43-36-13 (e), the polygraph examiner read to appellant the questions he would ask during the interview before actually conducting the examination.

It is not required that the accused have counsel present or act only upon the advice of counsel in order to render a stipulation to the admissibility of the results of a polygraph examination valid and binding upon the accused. See *Van Kleeck v. State*, 250 Ga. 551 (3) (299 SE2d 735) (1983). After having been advised of his right to remain silent and his right to have counsel present during any questioning, an accused may validly waive those rights, and when the accused "makes a knowing waiver of his right to counsel and stipulates to the admissibility of the results of a polygraph examination, the results are admissible at trial." *Ivey v. State*, 203 Ga. App. 886 (1) (418 SE2d 71) (1992). There is evidence that appellant knew and understood his rights before he waived counsel and stipulated to the admissibility of the polygraph results. Therefore, the determination of the trial court that appellant's stipulation was knowingly and voluntarily entered into is supported by evidence and is not, therefore, clearly erroneous.

*Judgment affirmed. Smith, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur.

With respect to Division 2, it is incumbent on us to rule in this case separately on the admission of the polygraph test under the State Constitution, because appellant has raised such authority as an independent basis. Paragraph 14 of Georgia's Bill of Rights guarantees that "Every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel. . . ."[1] See *Jones v. State*, 57 Ga. App. 344 (195 SE 316) (1938), which, although it does not establish the outer limits of the right, points up its fundamental nature and some of the considerations of waiver.

The majority opinion cites *Van Kleeck v. State*, 250 Ga. 551 (3) (299 SE2d 735) (1983), and *Ivey v. State*, 203 Ga. App. 886 (1) (418 SE2d 71) (1992). In *Van Kleeck*, the court rejected appellant's urging that the test results were inadmissible on the ground that she did not have counsel present when the examination was given, despite her request for counsel. No reference is made to the authority relied on by appellant in that case, and the court does not identify the authority upon which its decision is based. It simply concluded that appellant had "voluntarily, knowingly and intelligently" waived her " 'Miranda' " rights, which of course would have included the right to counsel under the Federal Constitution. See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The court came to this conclusion based on what had transpired before the test was administered. Whether the holding was intended to embrace both constitutions is not clear, but the state constitutional provision was not independently applied.[2]

No authority on the right to counsel aspect of the polygraph test is cited in *Ivey*. In fact, the court pointed out that defendant cited "no law in support of his argument" and had admitted to the trial court that he had found none. The contention was that the test results should not be admitted when defendant consented to the test and to its use as evidence "without the advice of counsel." Id. at 887. In that case, defendant had signed a written " 'Miranda' " form a

---

[1] The Sixth Amendment to the Federal Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defense."

[2] It is noted that there is no mention in that opinion of a stipulation for admissibility having been entered into as a precursor to the administration of the test, nor is there any reference to *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977). Nevertheless, it is certain that such a stipulation, entered into by both sides, is still required in order for the results to be admissible. *McGhee v. State*, 253 Ga. 278, 281 (6) (319 SE2d 836) (1984).

week before agreeing to the test and also, at the time of the test, had signed another document indicating he waived his right to consult with a lawyer and have one present during questioning. The court concluded that there was "a knowing waiver" of the right to counsel. On the face of it, this too seems to be based on federal constitutional law. No plain statement is made to the contrary. See *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983).

Here, defendant's signature is affixed on the form consenting to the results being used as evidence at trial. The form states in part: "[T]he advice of counsel in this matter is hereby expressly waived." Defendant had been told that he did not have to take the test, that the results would not be admissible unless he agreed in writing, and that he had a right to counsel with respect to these decisions. Although the rule regarding inadmissibility absent a stipulation should expressly appear on the written stipulation so there is no doubt that the defendant knows this important caveat, it is not required. See *Dein v. Mossman*, 244 Ga. 866, 870 (3) (262 SE2d 83) (1979), in which the stipulation itself was oral but nevertheless accepted.

Considering these circumstances, and including those recited in the majority opinion and particularly that defendant voluntarily went to the sheriff's office at his own bidding for the purpose of taking the test after having the opportunity to consult anyone about it, I conclude that the state constitutional right has not been violated by the admission of the test results. Cf. *People v. Zazzetta*, 27 Ill.2d 302 (189 NE2d 260) (1963); *State v. Valdez*, 91 Ariz. 274 (371 P2d 894) (1962); *Conley v. Commonwealth*, 382 SW2d 865 (Ky. 1964).

By our decision, we are rejecting the contention, made by appellant, that it cannot be a valid waiver unless the defendant knows the rules of evidence and is aware of the scientific ramifications and questionable reliability of such tests. See *Brown v. State*, 209 Ga. App. 314, 316 (1) (433 SE2d 321) (1993).

DECIDED JANUARY 27, 1994 —
RECONSIDERATION DENIED MARCH 3, 1994 —

*Robert K. Ballew, David M. Rosenberg*, for appellant.
*Roger Queen, District Attorney*, for appellee.