## A06A0265. JONES v. THE STATE.

(629 SE2d 546)

JOHNSON, Presiding Judge.

After a bench trial, Garland Jones was convicted of two counts of criminal trespass for maliciously interfering with his wife's use of her two automobiles by letting the air out of the tires and removing the lug nuts from one car and by disconnecting a battery cable on the other car. Jones appeals, challenging the sufficiency of the evidence and evidentiary rulings by the trial court. The challenges are without merit, and we therefore affirm Jones' convictions.

1. Jones argues that the evidence supports only one possible crime against the victim. He claims that one of the cars, although he does not identify which one, was considered to be his vehicle and therefore he could not have interfered with its use. The argument is contradicted by the evidence.

The evidence shows that a police officer went to Jones' house in response to a domestic disturbance call. The officer saw that the tires of a Dodge Neon automobile had been flattened and removed from the vehicle, and Jones showed the officer that he had placed the lug nuts inside the home's laundry room. The officer also saw that a cable had been taken off the battery of a Toyota Camry automobile. Jones told the officer that he had flattened the tires of the Neon and had disconnected the Camry's battery cable because he did not want his wife leaving in those vehicles. During the trial, Jones testified that his wife's father had given both cars to her and that both cars are registered in his wife's name.

"A person commits the offense of criminal trespass when he . . . knowingly and maliciously interferes with the possession or use of the property of another person without consent of that person."[1] Contrary to Jones' argument, there is no evidence that one of the vehicles belonged exclusively to him. Rather, Jones' own testimony establishes that the cars were given to his wife by her father and are registered in her name. She clearly has property interests in both cars, and even if we assume for the sake of argument that Jones also has an interest in each car as marital property, he may not unlawfully interfere with his wife's property interest.[2] Because the victim has interests in each car, Jones' conviction on both counts of the accusation is supported by the evidence.

---

[1] OCGA § 16-7-21 (a).

[2] See *Ginn v. State*, 251 Ga. App. 159, 160-161 (2) (553 SE2d 839) (2001) (sufficient evidence to support criminal trespass conviction where husband damaged computer keyboard that had been given to family by wife's mother).

2. Jones' second enumeration of error is that the only evidence of lack of consent is inadmissible, nonprobative hearsay. Jones, however, has not identified the alleged improper hearsay evidence to which he is referring. In his argument supporting this enumerated error, Jones does state that he did not have the opportunity to cross-examine his wife because she asserted her spousal privilege and did not testify. But he still does not cite any particular evidence, inadmissible hearsay or otherwise, of statements made by his wife.

"The burden is always on the appellant in asserting error to show it affirmatively by the record."[3] Since Jones has failed to identify the evidence that he claims is improper, he has not met this burden, and it is not the function of this court to cull the record on behalf of a party in search of instances of error.[4] Moreover, given the testimony that a police officer responding to a domestic disturbance call saw the flattened tires and disconnected battery cable of the victim's cars, and that Jones admitted he had rendered the cars inoperable to prevent his wife from leaving, there is sufficient evidence from which the trial judge was authorized to find that Jones' wife did not consent to his interference with her cars.[5]

3. Jones complains that the trial court erred in ruling that his statements to the police officer were made voluntarily. The court held a hearing to determine the admissibility of the incriminating statements, and uncontradicted testimony from the officer established that at the time Jones made the statements, he was not under arrest or being restrained in any way. Rather, the officer, Jones and his wife were outside the couple's house, and the officer was simply investigating why he had been called to the house. Under these circumstances, we do not find as error the trial court's assessment that Jones made voluntary, noncustodial statements which did not trigger the requirement that *Miranda* warnings be given.[6]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 31, 2006.

*James W. Bradley*, for appellant.

*Leslie Miller-Terry, Solicitor-General, Tasha M. Mosley, Assistant Solicitor-General*, for appellee.

---

[3] *Boone v. State*, 250 Ga. App. 133, 141 (13) (a) (549 SE2d 713) (2001).
[4] Id.
[5] *Barnett v. State*, 244 Ga. App. 585, 589 (4) (536 SE2d 263) (2000).
[6] See *Gabbard v. State*, 233 Ga. App. 122, 123 (1) (503 SE2d 347) (1998).