A11A0976. BEAUDOIN v. THE STATE.
(714 SE2d 624)

McFADDEN, Judge.

After a jury trial, Gerald Beaudoin was convicted of statutory rape as a lesser included offense of rape, aggravated sexual battery, aggravated child molestation, and two counts of child molestation. He appeals, challenging the sufficiency of the evidence, the refusal to dismiss a juror for cause, the admission of his statements to police, the admission of testimony from a polygraph examiner and the refusal to give a jury charge on simple battery as a lesser included offense. Because there is sufficient evidence to support the jury's verdict, the prospective juror was unbiased, the statements to police were given freely and voluntarily, there was a stipulation to the admissibility of the polygraph results and there has been no showing

---

that simple battery was a lesser included offense of the indicted crimes, we affirm.

> 1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations and punctuation omitted.) *McCoy v. State*, 278 Ga. App. 492-493 (1) (629 SE2d 493) (2006). So viewed, the evidence shows that Beaudoin befriended the 12-year-old victim. On various occasions, he engaged in sexual contact with her, fondling her breasts and vaginal area, inserting his finger into her vagina, and inserting his penis into her mouth and vagina. The evidence was sufficient to authorize the jury to find Beaudoin guilty beyond a reasonable doubt of the charged offenses. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Falak v. State*, 261 Ga. App. 404, 405 (1) (583 SE2d 146) (2003).

To the extent that Beaudoin complains that the trial court erred in denying his motion for a directed verdict of acquittal as to the offense of forcible rape, "this complaint is rendered moot because [Beaudoin] was not found guilty of that offense. [Cit.]" *Banta v. State*, 282 Ga. 392, 396 (2) (651 SE2d 21) (2007).

2. Beaudoin contends that the trial court erred in failing to dismiss a prospective juror for cause after she initially indicated that she might be biased. Upon questioning, she explained that she was perfectly impartial between the state and the accused, but that she had been a child abuse victim and had a bias "against what the crime is." She further stated that she did not know Beaudoin, that she had no bias or prejudice against him and that she would decide the case only on the evidence presented.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. Unless the juror holds an opinion regarding the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based on the evidence and court instructions, a court need not excuse the juror for cause. A potential juror's doubts as to his or her own impartiality or reservations about his or her ability to set aside personal experiences do not [necessarily] require the court to strike the juror, as the judge is uniquely

positioned to observe the juror's demeanor and thereby to evaluate his or her capacity to render an impartial verdict. A juror who expresses a willingness to try to be objective and whose bias arises from feelings about the particular crime as opposed to feelings about the accused may be eligible for service.

(Citations and punctuation omitted.) *Brown v. State*, 243 Ga. App. 632, 632-633 (1) (534 SE2d 98) (2000). In this case, because the prospective juror stated that her bias was against the nature of the crime of child molestation, not against Beaudoin, and that she could determine the issues impartially based on the evidence, the trial court did not abuse its discretion in refusing to strike her. See *Pearce v. State*, 300 Ga. App. 777, 781 (2) (686 SE2d 392) (2009). See also *Roberts v. State*, 258 Ga. App. 107, 109 (3) (572 SE2d 744) (2002) (prospective juror who had been a child molestation victim was not disqualified from service in case involving child molestation).

3. Beaudoin contends that the trial court erred in denying his *Jackson-Denno* motion and allowing his statements to police into evidence. At a hearing held pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964),

the trial court examines the totality of the circumstances to determine whether a preponderance of the evidence shows that the [statement] was voluntary. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a [statement] will be upheld on appeal.

(Citations and punctuation omitted.) *Clark v. State*, 309 Ga. App. 749, 751-752 (3) (711 SE2d 339) (2011).

At the *Jackson-Denno* hearing, Detective Todd Hicks testified that Beaudoin voluntarily came to the police station for an interview, that Beaudoin was not in custody during the interview and was free to leave at any time, that he was not threatened or promised anything, and that he was allowed to leave the station after the interview. During the interview, Beaudoin showed no reluctance in talking to the detective and asked to take a polygraph examination. A polygraph was scheduled, and several days later, Beaudoin voluntarily returned to the station. He was informed of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), signed a waiver of those rights, signed a consent form for the polygraph, signed a stipulation as to the admissibility of the poly-

graph results and took the polygraph examination administered by a Georgia Bureau of Investigation agent. Beaudoin also testified, confirming that he had no problems talking to the detective, that he requested the polygraph during the initial interview, that he left the station after that interview, that he voluntarily returned for the polygraph several days later, that he signed the stipulation after the detective had gone over it with him and that he understood the meaning of the stipulation.

Contrary to Beaudoin's claims, "[t]his evidence supports the trial court's findings that [the] statements were freely and voluntarily made, under noncustodial circumstances. [Cits.]" *Sams v. State*, 239 Ga. App. 715, 717 (2) (521 SE2d 848) (1999). See also *Jones v. State*, 278 Ga. App. 616, 617 (3) (629 SE2d 546) (2006).

4. Beaudoin argues that the trial court erred in allowing the polygraph examiner's testimony that Beaudoin was deceptive in his answer as to whether he had sex with the victim. "However, upon an express stipulation of the parties that they shall be admissible, the results of a polygraph test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have. And, such stipulation is binding on both parties." (Citations and punctuation omitted.) *Lockett v. State*, 258 Ga. App. 178, 180-181 (2) (573 SE2d 437) (2002). Because Beaudoin requested the polygraph examination and expressly stipulated to the admissibility of its results, the trial court did not err in allowing the examiner's testimony as to those results. See *Fatora v. State*, 185 Ga. App. 15, 19 (3) (363 SE2d 566) (1987).

Beaudoin's further challenge to the validity of the stipulation on the ground that he did not have an attorney with him is without merit. "It is not required that the accused have counsel present or act only upon the advice of counsel in order to render a stipulation to the admissibility of the results of a polygraph examination valid and binding upon the accused. [Cit.]" *Patterson v. State*, 212 Ga. App. 257, 258 (2) (441 SE2d 414) (1994) (physical precedent only). Where, as here, the evidence shows that Beaudoin knew and understood his rights before he waived counsel and stipulated to the admissibility of the polygraph results, the trial court's determination that the stipulation was valid is not clearly erroneous and will be affirmed. See *Van Kleeck v. State*, 250 Ga. 551, 553 (3) (299 SE2d 735) (1983); *Patterson*, supra.

5. Beaudoin asserts that the trial court erred in failing to give a jury charge on simple battery as a lesser included offense. However, he has not indicated in his brief which indicted crime included the lesser offense of simple battery, and he has not cited any evidence in the record that would have supported such a lesser included offense

charge, relying solely on a citation to a single page of the trial transcript at which an outcry witness testified about when the victim first told her that she and Beaudoin had had sex. "It is not the function of this court to cull the record on behalf of a party in search of instances of error. [Cit.]" *Holowiak v. State*, 308 Ga. App. 887 (709 SE2d 39) (2011). Because Beaudoin has failed to show that simple battery was a lesser included offense of the crimes alleged in the narrowly drawn indictment, we find no error. See *Neal v. State*, 264 Ga. App. 311, 313 (2) (b) (590 SE2d 168) (2003).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JUNE 29, 2011 —
RECONSIDERATION DENIED JULY 18, 2011.

*Louis M. Turchiarelli*, for appellant.
*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Cliff Head, Assistant District Attorneys*, for appellee.