## 60811. ABLES v. THE STATE.

SHULMAN, Judge.

Defendant was charged with and found guilty of simply battery, in that he intentionally made physical contact of an insulting nature with the prosecutrix. We affirm.

1. The prosecutrix testified that defendant, her supervisor and the Chief of Police in Lake City, called her into his office at approximately 6:15 on the morning of September 8, 1979; that he locked the door behind her, grabbed and kissed her, and placed his hand on her breast and between her legs. It was this conduct which gave rise to appellant's conviction of simple battery.

Another witness for the state, a real estate agent, testified that on an occasion prior to defendant's alleged attack upon the prosecutrix, defendant pushed the witness into a closet in his house (which she had been touring as a real estate agent) and tried to kiss her. Defense counsel objected to that testimony on the grounds that it was irrelevant to the offense for which defendant was on trial; that it was prejudicial; and that it impermissibly placed the defendant's character in evidence.

The trial court overruled defendant's objection (and his concomitant motion for mistrial) on the grounds that such testimony (evidence of a similar transaction) was admissible for the purpose of showing defendant's bent of mind, motive, scheme or design. We agree.

The defendant in the instant case denied committing the offense charged, implying that it was the prosecutrix' hostility towards him that prompted her to make the false accusation. "Where the court and jury are faced with the typical 'swearing match,' evidence of a similar incident not only would be admissible for impeachment, but it could be considered to show common scheme and bent of mind." *Hart v. State,* 149 Ga. App. 785 (2) (256 SE2d 127). See also *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515); *State v. Johnson,* 246 Ga. 654 (1980), reversing 154 Ga. App. 793 (270 SE2d 214) (1980). The trial court therefore properly admitted into evidence the testimony of a similar incident.

2. Moreover, we find no merit in the defendant's enumerations of error on the general grounds. "[T]he court and jury were faced with the typical swearing match." *Hart,* supra, Division 1. On the basis of the inculpatory evidence at trial, we find that a rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the offense charged. See Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED OCTOBER 6, 1980 — DECIDED
DECEMBER 3, 1980.

*Richard E. Reiter, Jr.,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.