## 66184. STEVENS v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and convicted of two counts of sodomy and one count of child molestation. He appeals from the conviction and sentence entered thereon.

1. In two separate enumerations, appellant asserts that the state failed to prove venue. "Evidence of venue, though slight, is sufficient in the absence of conflicting evidence. [Cit.] Venue may be proved by circumstantial as well as direct evidence." *Loftin v. State,* 230 Ga. 92, 93(2) (195 SE2d 402) (1973). Although slight, the evidence in the instant case, direct and circumstantial, was sufficient to prove that the venue of the crimes committed by appellant was in Douglas County. See generally *Williams v. State,* 162 Ga. App. 680 (292 SE2d 560) (1982). Appellant's further assertion that the trial court failed to charge the jury as to venue is not supported by the record.

2. Appellant asserts in four separate enumerations that the trial court erred in allowing into evidence testimony by the nine-year-old female victim concerning a similar transaction. The evidence adduced at trial was as follows: The victim lived with her mother, her brother and appellant, who was her mother's boyfriend. The victim testified that she liked appellant when he first moved in with her mother, but that her feelings changed because "he done bad things to me." She further testified as to the specifics of the "bad things" that appellant had done to her, those being acts constituting sodomy and child molestation. She did not know how many times appellant "did bad things" to her, but knew it was more than five. She testified that these incidents occured in the living room after her mother had gone to sleep in the bedroom.

The state then introduced evidence of a similar transaction that had occurred in Atlanta. The victim testified that while in Atlanta, she and the appellant were alone in her mother's car when appellant parked behind a building and performed acts of sodomy and child molestation.

" 'On a prosecution for a particular crime, evidence which in any

manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of one tends to establish the other.' [Cit.]" *Moore v. State,* 221 Ga. 636, 637 (146 SE2d 895) (1966). See also *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515) (1977); *Walraven v. State,* 250 Ga. 401, 407 (297 SE2d 278) (1982). In the instant case, appellant was identified by the victim as the perpetrator of the crimes for which he was being tried, and as the perpetrator of the independent crimes committed in the car. In both the independent crimes and the crimes for which he was being tried, appellant arranged to get the same nine-year-old victim alone and committed the same acts. He repeatedly threatened the victim not to tell anyone, particularly her mother, of the incidents. The independent car incident was admissible to show common scheme, bent of mind, intent, and course of conduct. *Ables v. State,* 156 Ga. App. 678, 679 (275 SE2d 750) (1980); *Hart v. State,* 149 Ga. App. 785 (2) (256 SE2d 127) (1979). Furthermore, contrary to appellee's assertions, he was not "deprived of the ability to object" at trial to the admission of the evidence of the similar transaction. The attorney for the state made it clear that he was about to question the victim concerning a similar transaction which had occurred in Atlanta, and the record reflects no reason why appellant's attorney should have been unaware of that fact.

3. Appellant finally asserts that the trial court erred in failing to instruct the jury both during trial and in its general charge to the jury as to the limited permissible use of the evidence of the "similar transaction" discussed above. At the time the evidence was admitted, appellant did not request that such an instruction be given to the jury. Nor did appellant request that the trial court give in its general charge to the jury an instruction on the limited use of evidence of "similar transactions." "[T]he court did not err, either at the time of admitting the evidence or in his general charge, in failing to instruct the jury, without any request therefor, that the purpose for which this evidence was allowed in evidence was merely to show a scheme or plan on the part of the accused to commit the crime for which he was being tried. [Cits.]" *Allen v. State,* 152 Ga. App. 481, 482 (263 SE2d 259) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983.

*Vallerina F. Day,* for appellant.

*Frank C. Winn, District Attorney, Jeff Richards, Assistant District Attorney,* for appellee.