## 66147. HURLEY v. THE STATE.

CARLEY, Judge.

Appellant was convicted of simple battery. He appeals from the judgment of conviction and sentence entered thereon.

1. At trial, the victim testified that on October 27, 1980, she was walking on the sidewalk when she saw appellant walking towards her on the same sidewalk. When appellant was within ten feet of the victim, he suddenly and purposefully swerved in her direction. The victim, in an effort to avoid a collision, moved to the very opposite edge of the sidewalk, but appellant ran into her with the left side of his body. The victim further testified: "I felt [appellant's] hand grab my backside, and as he released his grip, he poked me with one of his fingers and he just keep on walking down the street." Specifically, the victim testified that appellant grabbed the "lower part of my buttocks."

The state then called a witness who testified that on February 9, 1978, she was shopping at a grocery store when appellant "approached me from behind and put his hand underneath my buttocks, in between my legs and pushed his fingers into my body . . . he left immediately, continuing on down the aisle and around the corner of the aisle." Appellant contends that the trial court erred by admitting this testimony concerning the prior incident into evidence, asserting that it impermissibly placed his character into evidence.

" 'On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused had committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of one tends to establish the other.' [Cit.]" *Moore v. State,* 221 Ga. 636, 637 (146 SE2d 895) (1966). "Thus, before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]" *Hamilton v.*

*State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). See also *Walraven v. State,* 250 Ga. 401, 407 (297 SE2d 278) (1982).

In the instant case, the prior crime in the grocery store was very similar to the crime which was the subject of the case at bar. In both instances, appellant allegedly approached a woman when she was by herself in a public place. Both women, who were complete strangers to appellant, testified that appellant suddenly grabbed her on the buttocks, poked his fingers into her, and then just walked away. At trial, appellant admitted that he had in fact bumped into and touched both women, but denied grabbing, poking or intentionally touching either of them. The prior incident occurring in the grocery store was admissible in the instant case to show common scheme, bent of mind, intent and course of conduct. *Ables v. State,* 156 Ga. App. 678, 679 (275 SE2d 750) (1980); *Hart v. State,* 149 Ga. App. 785 (2) (256 SE2d 127) (1979). The fact that the prior incident occurred approximately two and one-half years prior to the crime involved in the instant case does not render the testimony inadmissible to show bent of mind, motive, intent and course of conduct. *Hart v. State,* supra.

2. Appellant next asserts that the trial court erred in admitting into evidence certain photographs, the contention being that they were prejudicial and impermissibly suggestive. These photographs were not taken at the time of the incident, but some time later, for the purpose of depicting the location of the incident in question. The first picture depicts the scene and includes a tape measure showing the width of the sidewalk. The second illustrates the same scene and includes a tape measure showing the width of the sidewalk between a telephone pole and the opposite end of the sidewalk. The next two photographs depict the scene at various angles, and the final two show the victim and another man posed at the exact spot on the sidewalk where she and appellant passed each other.

Since appellant was asserting that his size and his hurried gait consumed a large portion of the sidewalk, and that he accidentally bumped into the victim, the photographs depicting the width of the sidewalk and the location of the incident were "relevant and illustrative of the issues." *Florence v. State,* 243 Ga. 738, 741(4) (fn. 1) (256 SE2d 467) (1979). The victim testified that the photographs correctly portrayed the scene where the crime was committed. Furthermore, the trial court instructed the jury to consider the photographs as a group and to compare the width of the street in determining the width of the sidewalk. The court also stated that the photographs were not taken at the same time of the incident, but were to be considered only for illustrative purposes. The admission of the photographs into evidence was not error. *Jackson v. State,* 225 Ga. 39,

47 (8) (165 SE2d 711) (1969); *Smith v. State*, 202 Ga. 851, 866 (45 SE2d 267) (1947).

3. Appellant finally contends that the following charge was error: "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts. But the presumption may be rebutted." This is a correct statement of the law. *Moses v. State*, 245 Ga. 180 (263 SE2d 916) (1980); *Lackey v. State*, 246 Ga. 331 (271 SE2d 478) (1980).

*Judgment affirmed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 21, 1983.

*C. Nelson Jarnagin*, for appellant.

*James L. Webb*, Solicitor, *Donald C. English, Deborah S. Greene*, Assistant Solicitors, for appellee.