A89A0851. FITZGERALD v. THE STATE.

(386 SE2d 914)

CARLEY, Chief Judge.

Appellant was indicted for two counts of child molestation and three counts of aggravated child molestation. The jury returned guilty verdicts only as to two of the counts of aggravated child molestation. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. The inconsistent verdict rule has been abolished in criminal cases and an enumeration predicated upon this abolished rule is without merit. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

2. Appellant enumerates the general grounds.

The two counts of aggravated child molestation for which appellant was convicted involve forcing his own minor stepdaughter to perform acts of oral sodomy on him. Accordingly, the lack of medical evidence to corroborate the victim's molestation is in no way exculpatory of appellant. Moreover, "[t]here is no requirement that the testimony of the victim of child molestation be corroborated. [Cit.]" *Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871) (1988). We find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of aggravated child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The State's failure to call as one of its witnesses the physician who examined the victim for physical signs of abuse is enumerated as error.

"There is no requirement that the State call more witnesses than it needs to present its case. [Cits.] Under the circumstances [appellant] could have subpoenaed this witness. . . . The State has not withheld evidence favorable to [appellant] inasmuch as [the physician's report was produced before trial]." *Moore v. State*, 155 Ga. App. 149, 151-52 (3) (270 SE2d 339) (1980).

4. Appellant's motion for an independent psychological examination of the victim by a child abuse specialist was denied by the trial court. The trial court correctly concluded that the consent of the victim's parents was necessary to authorize such an independent psychological examination. See *Dover v. State*, 250 Ga. 209, 211 (2) (296 SE2d 710) (1982). Thereafter, the State offered to inquire whether the mother would consent to the independent examination. No further order was entered by the trial court.

The State did not inform appellant prior to trial whether it had made the promised inquiry of the victim's mother. However, the record also reflects that appellant made no pre-trial effort to determine whether any inquiry had been made and, if so, whether the victim's mother consented to an independent examination. Accordingly, an enumeration of error addressed to the State's failure to make the inquiry of the victim's mother is without merit. "Counsel cannot sit by and permit some matter they could correct by timely action and later claim error." *Harris v. State*, 237 Ga. 718, 726 (6) (230 SE2d 1) (1976).

5. Appellant enumerates as error the trial court's purported allowance of "too much hearsay" into evidence.

Several witnesses testified to statements made by the victim, a child under the age of 14 years, wherein she described acts of sexual contact performed with or on her by others, one of whom she identified as appellant. The record reflects that the trial court found sufficient indicia of reliability from the circumstances of the statements. The victim herself testified at trial and was cross-examined. The trial court did not err in admitting any of these statements over appellant's hearsay objection. See OCGA § 24-3-16; *Reynolds v. State*, 257 Ga. 725 (363 SE2d 249) (1988).

Appellant's further contention that this hearsay evidence impermissibly bolstered the credibility of the victim will not be addressed. Such an objection was not timely raised in the trial court. "Where error is raised first in a motion for new trial or before this court, nothing is presented for review. . . . [Cits.]" *Leonard v. State*, 146 Ga. App. 439, 440 (1) (246 SE2d 450) (1978).

6. The State presented the testimony of the 15-year-old former baby-sitter of appellant's children. Over appellant's objection, the trial court permitted this witness to relate that, three years previously, while appellant was driving her home, he placed his hand on her knee and moved it up toward her upper thigh.

Contrary to appellant's assertions, this testimony showed his previous commission of a crime. See *Ables v. State*, 156 Ga. App. 678 (275 SE2d 750) (1980). The probative value of this testimony outweighed its prejudicial impact. " '[I]n sexually oriented offenses, evidence of prior acts is admissible to show lustful disposition and to corroborate the testimony of the victim as to the acts charged.' [Cits.]" *Evans v. State*, 180 Ga. App. 1, 2 (3) (348 SE2d 561) (1986).

7. The admission of a witness' testimony regarding appellant's commission of another similar prior act is enumerated as error. Appellant's contention is that he was not given the written notification required by Rule 31.1 of the Uniform Superior Court Rules (USCR).

The record shows that the witness did not testify on *direct* examination as to any similar prior conduct. Instead, the record reflects

that the testimony was given in response to a question posed by appellant during cross-examination of the witness. Thus, error, if any, was self-induced and provides no basis for reversal. *Bess v. State*, 187 Ga. App. 185, 189 (5) (369 SE2d 784) (1988).

8. Appellant enumerates as error two more instances of the admission of testimony regarding his commission of prior similar acts. Again, appellant's contention is that he was not provided proper notice under the USCR.

In one of the instances, appellant moved for a mistrial. The trial court denied the motion, but offered to give curative instructions. Appellant declined the trial court's offer. We find no error. See *Riley v. State*, 181 Ga. App. 667, 669 (2) (353 SE2d 598) (1987).

The second instance occurred as the result of appellant's cross-examination of one of the State's witnesses. Again, error, if any, was induced by appellant and affords no ground for reversal of his convictions. *Bess v. State*, supra at 189 (5).

9. The denial of appellant's motion for mistrial predicated upon instances of allegedly improper closing argument by counsel for the State is enumerated as error.

Because appellant had produced good character witnesses, counsel for the State argued to the jury that even persons with a good reputation in the community may sometimes have something to hide. Considering the nature of the crimes that appellant was charged with committing, this was not an improper argument to present against appellant's good character defense. We find no error in denying the motion for mistrial, even though counsel for the State did advance the argument " ' " 'with considerable latitude in imagery and illustration. . . .' [Cit.] What the law forbids is the introduction . . . by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair. The language used in argument may be extravagant; but figurative speech is a legitimate weapon in forensic warfare if there are facts admissible in evidence upon which it may be founded. [Cits.] We find the argument of which complaint is made well within the permissible bounds. The prosecutor simply argued the evidence and reasonable inferences arising therefrom and asked the jury to return a verdict of guilty. This he may do." [Cits.]' " *Hunt v. State*, 180 Ga. App. 103, 107 (3) (348 SE2d 467) (1986).

10. Appellant enumerates as error the denial of his right to conduct a thorough and sifting cross-examination of one of the State's expert witnesses.

The record shows that the only limitation placed on the cross-examination conducted by appellant was that he was not permitted to question the expert using the phrase "false accusation syndrome." The existence of such a syndrome had been posited in a book au-

thored by two psychologists. An expert witness cannot be cross-examined by the use of a text which has not been shown to be a standard treatise in the area of the witness' expertise. *Mize v. State*, 240 Ga. 197, 198 (4) (240 SE2d 11) (1977); *State Hwy. Dept. v. Willis*, 106 Ga. App. 821, 824 (3) (128 SE2d 351) (1962). Appellant made no showing that the text positing the existence of a "false accusation syndrome" was such a standard treatise. "The defense is entitled to a thorough cross-examination; however, the scope of cross-examination is within the sound discretion of the trial court and will not cause reversal unless the discretion is abused. [Cits.] Under the facts of this case the appellant has failed to show an abuse of discretion. . . ." *Chastain v. State*, 257 Ga. 54, 55 (354 SE2d 421) (1987).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1989.

*Fredric W. Tokars*, for appellant.
*Thomas C. Lawler III, District Attorney, Donald L. Johnstono, Debra K. Turner, Assistant District Attorneys*, for appellee.