## A90A0926. SAUNDERS v. THE STATE.
(395 SE2d 53)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of two counts of child molestation. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Appellant enumerates the general grounds. "There is no re-

quirement that the testimony of the victim of child molestation be corroborated. [Cit.] Nevertheless, the testimony of the victim in this case was corroborated in several material respects. . . . [A] rational trior of fact could reasonably have found from the evidence produced at trial, proof of appellant's guilt of [each act of] child molestation beyond a reasonable doubt. [Cit.]" *Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871) (1988).

2. Appellant enumerates as error the trial court's purported allowance of an expert witness for the State to testify as to the "ultimate issue" in the case. However, this enumeration is not supported by argument or citation of authority and so is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Smith v. State*, 193 Ga. App. 208, 210 (3) (387 SE2d 419) (1989).

3. The trial court permitted adult witnesses to testify to certain statements made by the victim. Also, a videotape of an interview with the victim and a child therapist was admitted into evidence. Urging that, in each instance, the trial court failed first to find "sufficient indicia of reliability" pursuant to OCGA § 24-3-16, appellant enumerates these evidentiary rulings as error.

The videotape was admitted without objection. Accordingly, any error otherwise assertible would be waived. See generally *Bridgers v. State*, 183 Ga. App. 98, 99 (1) (357 SE2d 894) (1987). Moreover, the record shows that the foundation which was laid by the State provided "sufficient indicia of reliability." *Newberry v. State*, 184 Ga. App. 356, 357 (2) (361 SE2d 499) (1987).

As to the testimony by the adult witnesses relating the victim's statements, a finding of "sufficient indicia of reliability" inheres in the trial court's admission of such testimony. *Windom v. State*, 187 Ga. App. 18, 19 (2) (369 SE2d 311) (1988).

4. Appellant enumerates as error the denial of his motion for new trial on the ground that the State improperly withheld exculpatory evidence.

The record shows that appellant did not file a *Brady* motion. Accordingly, there would be no reversible error unless the State withheld "evidence which creates a reasonable doubt of guilt which did not otherwise exist. [Cit.]" *Williams v. State*, 250 Ga. 463, 465 (298 SE2d 492) (1983). The trial court determined that no such exculpatory evidence had been withheld from appellant. We find no error in the trial court's ruling. "Appellant has failed to show that any of the evidence alleged to have been improperly withheld was favorable and material and that he was, in any manner, denied a fair trial. [Cit.]" *Holbrook v. State*, 162 Ga. App. 400, 402 (1) (291 SE2d 729) (1982).

5. Appellant's remaining enumerations of error are controlled adversely to him by this court's opinion in the appeal of his co-defendant. *Inman v. State*, 195 Ga. App. 805 (__ SE2d __) (1990).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1990.

*J. Richardson Brannon*, for appellant.
*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.