## A91A1995. TOLES v. THE STATE.
### (415 SE2d 531)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of aggravated child molestation. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. "There is no requirement that the testimony of the victim of [aggravated] child molestation be corroborated. [Cit.] Nevertheless, the testimony of the victim in this case was corroborated in several material respects. From all of the evidence, the jury was authorized to find that appellant had committed an immoral or indecent act to the person of the child . . . with the intent to arouse his sexual desires . . . [and] that the commission of the act of molestation was accomplished by the use of such force as to have resulted in physical injury to the child. [Cit.]" *Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871) (1988). A rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of aggravated child molestation beyond a reasonable doubt. *Adams v. State*, supra; *Keeler v. State*, 181 Ga. App. 208 (1) (351 SE2d 731) (1986).

2. Over appellant's hearsay objection, a witness was permitted to relate a statement made to her by the victim. "The record reflects that the trial court found sufficient indicia of reliability from the circumstances of the [statement]. The victim herself testified at trial and was cross-examined. The trial court did not err in admitting [this testimony] over appellant's hearsay objection. [Cits.]" *Fitzgerald v. State*, 193 Ga. App. 76, 77 (5) (386 SE2d 914) (1989). See OCGA § 24-3-16.

3. The evidence authorized a finding that appellant was guilty only of aggravated child molestation. However, the trial court did not, as appellant contends, erroneously charge on child molestation as a lesser included offense. The record clearly shows that the trial court merely defined child molestation in connection with its charge on the elements of aggravated child molestation. Since child molestation is an element of aggravated child molestation, defining child molestation for the jury was obviously correct. Moreover, even if the trial court had given a charge on child molestation as a lesser included offense, the error would clearly be harmless since appellant was not convicted of that offense. *McWhorter v. State*, 198 Ga. App. 493, 494 (2) (402 SE2d 60) (1991).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 12, 1992.

Robert L. Ferguson, for appellant.
Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney, for appellee.