## A96A1702. TURNER v. THE STATE.
### (477 SE2d 847)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with rape, statutory rape, and two counts of child molestation. At defendant's jury trial, the then 13-year-old victim, "K. R.," testified that she went to live with her mother in June 1994. This was when K. R. was 12. Defendant, who "was [K. R.'s] mama's boyfriend," also lived there. One day after school, defendant told K. R. "to take [her] panties off and lay on the floor [of her mother's bedroom]." Defendant was clad only in shorts. He pulled them off, and "he had sex with [K. R.]." "His penis touched [K. R.'s] vagina, . . . [on the] inside, . . . and it hurt[ ]." Defendant also touched K. R.'s "breasts [. . . and] buttocks [. . . with] his hands." K. R. related another time when defendant "told [her] to get on top of him[, . . . and] his penis touched [her] vagina." This happened "a lot of times." Defendant "told [K. R.] not to tell nobody."

The victim's sister, "N. H.," testified that she had "seen [K. R.] and [defendant]." "They [were] on [her] mom's bed." N. H. affirmed that defendant was "laying on the bed[, . . .] on his back[, . . . and K. R.] was on top of him." Ms. Janie Mae Woods, K. R.'s grandmother, testified that "on one Saturday [in January 1995, K. R.] called and she was real upset. She was crying and she was wanting to come home. She didn't want to stay at her mother's house anymore." Since that time, K. R. "has crying spells sometimes. She has a very poor appetite. Her sleep pattern is not very good. She doesn't sleep well at night. She has nightmares when she goes to sleep. She wets the bed at the age of 12. And she's 13 now, but she started back wetting the bed." "S. D." is K. R.'s 14-year-old cousin. S. D. testified that K. R. confirmed to her the events as related by N. H.

The jury acquitted defendant of the rape charge but found him guilty of statutory rape and both counts of child molestation. His motion for new trial was denied, and this appeal followed. *Held*:

Defendant's sole enumeration of error urges the general

grounds. He argues in his brief that the evidence was "contradictory and raised serious questions as to whether the offenses . . . actually occurred." "Combining the contradictions in witness testimony and the absence of physical evidence, [defendant contends] no rational trier of fact, having scrutinized the [S]tate's evidence, could have found the essential elements of the crime[s] beyond a reasonable doubt."

1. "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

(a) "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381). 'Conflicts in the testimony of the witnesses, including the (S)tate's witnesses, is a matter of credibility for the jury to resolve. (Cits.) As long as there is some (competent) evidence, even though contradicted, to support each fact necessary to make out the (S)tate's case, the jury's verdict will be upheld. (Cit.)' *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311)." *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130).

(b) "There is no requirement that the testimony of the victim of child molestation or aggravated child molestation be corroborated. *Toles v. State*, 202 Ga. App. 815 (1) (415 SE2d 531); *Saunders v. State*, 195 Ga. App. 810 (1) (395 SE2d 53); *Fitzgerald v. State*, 193 Ga. App. 76 (2) (386 SE2d 914). Nevertheless, the testimony of the victim in the case sub judice was corroborated by evidence of her outcry to her [grand]mother and [by the direct evidence of the eyewitness, N. H.]. *Stander v. State*, 193 Ga. App. 212 (1) (387 SE2d 422)." *Dent v. State*, 220 Ga. App. 147 (1) (469 SE2d 311). The evidence was sufficient under the standard of *Jackson v. Virginia*, supra, to authorize the jury's verdicts that defendant committed child molestation beyond a reasonable doubt as alleged in Counts 3 and 4 of the indictment. *Dent v. State*, 220 Ga. App. 147 (1), supra; *Patterson v. State*, 212 Ga. App. 257 (1) (441 SE2d 414).

2. "A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim." OCGA § 16-6-3 (a).

In the case sub judice, the repeated acts of intercourse testified to by K. R., occurring when she was 12 years old, were corroborated by her confession to S. D., as well as by the testimony of N. H., and by K. R.'s behavior after these acts. "[A] child-victim's prior consistent statements, as recounted by third parties to whom such statements were made, can constitute 'sufficient substantive evidence of corroboration' in a statutory rape case. *Long v. State*, 189 Ga. App. 131, 132 (1) (375 SE2d 274)." *Ogles v. State*, 218 Ga. App. 92 (1) (b), 93 (460 SE2d 866). The enumeration of the general grounds is without merit.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 17, 1996 —
RECONSIDERATION DENIED NOVEMBER 4, 1996.

*James D. Michael*, for appellant.

Norris Turner, *pro se.*

*J. Tom Morgan, District Attorney, Lee A. Mangone, Robert M. Coker, Assistant District Attorneys*, for appellee.