487 S.E.2d 56 (1997)
226 Ga. App. 420
JONES
v.
The STATE.
JONES
v.
The STATE.
Nos. A97A0681, A97A0682.
Court of Appeals of Georgia.
May 12, 1997.
John W. Strickland, Jr., Lakeland, for appellant in No. A97A0681.
Carl A. Bryant, Albany, for appellant in No. A97A0682.
Robert B. Ellis, District Attorney, for appellee.
McMURRAY, Presiding Judge.
Defendants Bernice Jones and Timothy James Jones were jointly tried before a jury on an indictment charging Timothy J. Jones with four counts of child molestation (Counts 1 through 3 and 11), three counts of aggravated child molestation (Counts 4 through 6), and three counts of aggravated sodomy (Counts 7 through 9) for sexual acts committed against his minor stepdaughter, B.D. ("the victim"). Defendant Bernice Jones, B.D.'s mother, was charged with two counts of child molestation (Counts 10 and 11).
The ten-year-old victim twice told her mother, defendant Bernice Jones, that her "daddy," defendant Timothy James Jones, had been "messing" with her. Bernice Jones did not believe B.D. and "whipped" her. Thereafter, B.D. told her teacher about what was happening to her at home, initiating an *57 interview with caseworkers from the Lanier County Department of Family & Children Services. In that interview, the victim displayed a precocious knowledge of anatomy and sexual activity in describing repeated acts of sexual battery, intercourse, and oral sodomy committed against her by defendant Timothy James Jones. These statements were repeated by B.D. to Clara Shaw, M.D., who performed a pelvic examination of the victim. Medical evidence showed "the internal labias [sic] were very red and irritated. The urethral meatus was grossly enlarged and extremely red and irritated. The introitus gaping for a small child to at least 2 cm. gapping [sic] open with no evidence of hymen." According to Dr. Shaw, such "gaping open[ing], ... you would not expect in normal children at ten years old."
Laura Brown, B.D.'s teacher at Willacoochee Elementary, testified that B.D. approached her and said "`Ms. Brown, I need to tell you something.' ... `My daddy has been messing with me. He has been doing things that are illegal.' And then she [B.D.] started covering her face and just crying, and she would say it's disgusting." "She then said that her daddy takes her to his bedroom and makes her take off all of her clothes, and he gets on top of her, and he puts himself inside her. She said, `He puts himself inside me.'" Brown "went straight to [Principal] Michael Davis' office and told him. ... He called, DFACS, Department of Family & Children Services." June Spivey, B.D.'s Social Service Specialist with the Atkinson County Department of Family and Children Services also related that "on one occasion her [B.D.'s] mother told her to take her clothes off and sent her into the father's bedroom. When she entered the father's bedroom, ... she was told to get on top of [defendant Timothy James Jones] when he put his dick ... into her privacy. According to [B.D.,] the mother later came in and told [B.D.] that it was her turn now and to get off. The child was being told or made to watch while Mr. and Mrs. Jones had sex."
At the time of trial, B.D. was eleven years old. She testified that defendant Timothy James Jones "ma[d]e me [B.D.] have sex with him." She also indicated that defendant touched her "breast area and the vaginal area," by "put[ting] his mouth on [B.D.]" and put his penis inside her. She also indicated "the buttocks area on State's exhibit No. 7, which is the back of a diagram of a girl." Specifically, Timothy James Jones put his penis in B.D.'s rectum. B.D. also affirmed that her mother, defendant Bernice Jones saw defendant Timothy James Jones "do this." Bernice Jones instructed B.D. to "show her what [B.D. and defendant Timothy James Jones were] doing in the middle of the night, and ... when [B.D.] got in the room, she [defendant Bernice Jones] made [B.D.] take off [her] clothes and have sex with him [defendant Timothy James Jones]." When Bernice Jones told B.D. to show her "what [B.D.] and [her] stepdaddy [Timothy James Jones] was doing while she [Bernice Jones] was at work[, B.D.] showed her and she [Bernice Jones] told [B.D.] that wasn't the way, and she got up there and had sex with him," in front of B.D. B.D. affirmed that Bernice Jones was "in the room when [B.D.] had sex with Tim."
Defendant Timothy James Jones gave a custodial statement in which he admitted, "I have messed with her 2 or 3 times," by finger penetration, but he denied any act of intercourse. Timothy James Jones explained to Investigator Tony Giddens "he was doing this because he loved her [B.D.] and she needed to be like her Mama." In her custodial statement, defendant Bernice Jones "denied letting [defendant Timothy James Jones] have sex with [B.D.] in the bedroom. [Bernice] Jones stated that she leaves the bedroom door open but never made [B.D.] stay and watch."
The jury found Timothy James Jones guilty on Counts 1 through 9 and Count 11 and found Bernice Jones guilty on Counts 10 and 11. Defendants' motion for new trial was denied. In Case No. A97A0681, Bernice Jones appeals from the judgment of conviction and sentences entered on the jury's verdicts, and in Case No. A97A0682, Timothy James Jones appeals. As Timothy James Jones' sole enumeration of error is identical to an enumeration urged by Bernice Jones, the two cases are hereby consolidated for disposition on appeal. Held:
*58 1. Each defendant contends the trial court erred in granting the State's motion in limine to exclude evidence that the victim made "prior false allegations." See Smith v. State, 259 Ga. 135, 377 S.E.2d 158.
The State moved in limine to prohibit the defense "from introducing ... evidence in reference to any alleged untruths [told] by the victim unless ... the untruths are in reference to the victim's allegations of molestation...." The defense contended the victim's "school records, her records with mental health counselors; her doctors [allegedly] contain[ed] information that we believe go to showing that this child has a propensity for telling untruths." Specifically, the defense wanted to introduce evidence that the child fabricated an incident in which her brother had been killed by a deer's antlers in an automobile accident. Another incident about the victim stating she found a "stamp, like you put on your arm[,] supposedly laced with LSD," in her mother's bedroom concededly "does not have a relevance...." The trial court determined that the proper method of impeachment is that established by OCGA § 24-9-84, and "grant[ed] the State's motion."
"We find that the [trial] court's [ruling is] correct. Instances of specific misconduct may not be used to impeach a witness' character or veracity unless the misconduct has resulted in the conviction of a crime involving moral turpitude, OCGA § 24-9-84 (Code Ann. § 38-1804); Green, Ga. Law of Evidence (2nd ed.), § 138; Daniel, Ga.Crim. Trial Prac. (2nd ed.), § 20-23; Lewis v. State, 243 Ga. 443[, 445], 254 S.E.2d 830 (1979); McCarty v. State, 139 Ga.App. 101(1), 227 S.E.2d 898 (1976), and the proper method of proving such a conviction is by the introduction of a certified copy thereof. Daniels v. State, 234 Ga. 523(3), 216 S.E.2d 819 (1975)." Williams v. State, 251 Ga. 749, 799(12), 312 S.E.2d 40. Inasmuch as the trial court's ruling in the case sub judice excluded no evidence that the victim made prior false accusations of sexual misconduct against persons other than the accused, defendants' reliance on Benton v. State, 265 Ga. 648, 649(5), 461 S.E.2d 202, and Smith v. State, 259 Ga. 135, 377 S.E.2d 158, supra, is misplaced.
2. In her first enumeration, defendant Bernice Jones contends the trial court erred in denying her motion in limine to exclude the victim's statements to adults describing the acts amounting to child molestation the victim attributed to defendants. Relying on Gregg v. State, 201 Ga.App. 238, 411 S.E.2d 65, she argues that the child's statements should not have been admitted under OCGA § 24-3-16, arguing that the victim's testimony at trial was inconsistent with the evidence of her earlier out-of-court statements as related by adults. Defendant Bernice Jones points to an alleged conflict between the testimony of Laura Brown and June Spivey on the one hand and B.D's testimony at trial on the other. The alleged inconsistencies are whether defendant Bernice Jones was always gone when defendant Timothy James Jones molested her; whether defendant Bernice Jones made B.D. strip before or after she ordered B.D. into the bedroom; and whether defendant Bernice Jones remained in the bedroom the entire time defendant Timothy James Jones was having sex with B.D.
In Gregg v. State, 201 Ga.App. 238, 239(3), 240(3)(b), 411 S.E.2d 65 supra, this Court noted ten nonexclusive factors the trial court should consider in determining whether the circumstances surrounding a child's claim of molestation provide corroborating indicia of reliability. Defendant urges that, because of the purported inconsistencies, the child's statements to adults do not meet the criteria for admission under the tenth Gregg factor. "These factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness." Id. at 241(3)(b), 411 S.E.2d 65, supra.
In the cases sub judice, the victim eliminated any apparent inconsistency about the presence of defendant Bernice Jones, explaining that the episode involving her occurred on a weekend. That the trial testimony of the victim "merely included additional facts demonstrates no impeaching inconsistency with the [OCGA § 24-3-16 statements] attributed to her." Weathers v. State, 198 Ga.App. 871(2), 403 S.E.2d 449. As to the *59 finer details of whether defendant Bernice Jones sent her daughter naked into the room where defendant Timothy James Jones lay, or whether, in truth, the child was not told to disrobe until after she was in the room, the victim's testimony is consistent overall that defendant Bernice Jones acted as a panderer, using her ten-year-old daughter. The trial court did not abuse its discretion in admitting the testimony of Laura Brown and June Spivey under OCGA § 24-3-16, over defendant Bernice Jones' objection that the evidence was inconsistent. Gregg v. State, 201 Ga.App. 238, 239(3), 240(3)(b), 411 S.E.2d 65, supra.
3. In her final two enumerations, defendant Bernice Jones urges the general grounds, arguing the testimony of Laura Brown and June Spivey "was not consistent with the victim's testimony."
"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4(a). "Conflicts in the testimony of the witnesses, including the State's witnesses, is a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) Turner v. State, 223 Ga.App. 448, 449(1)(a), 477 S.E.2d 847. "There is no requirement that the testimony of the victim of child molestation or aggravated child molestation be corroborated. Toles v. State, 202 Ga.App. 815(1), 415 S.E.2d 531; Saunders v. State, 195 Ga.App. 810(1), 395 S.E.2d 53; Fitzgerald v. State, 193 Ga.App. 76(2), 386 S.E.2d 914. Nevertheless, the testimony of the victim in the case sub judice was corroborated by evidence of her outcry to her mother[, defendant Bernice Jones, who then beat the victim until she recanted,] and to her [teacher, Laura Brown, as well as to June Spivey from DFACS]. [Cit.] Although there was evidence that the victim subsequently told her mother the allegations against defendant [Timothy James Jones] were not true, this was contrary to the victim's direct evidence from the stand and a question of credibility was presented for the jury to resolve. The evidence was sufficient under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 to authorize the jury's verdict[s] that defendant [Bernice Jones] is guilty, beyond a reasonable doubt, of child molestation ... as alleged in [Counts 10 and 11 of] the indictment. Patterson v. State, 212 Ga.App. 257(1), 441 S.E.2d 414." Dent v. State, 220 Ga.App. 147(1), 469 S.E.2d 311. The enumeration of the general grounds is without merit.
Judgments affirmed.
BEASLEY and SMITH, JJ., concur.