A99A1408. OSBORNE v. THE STATE.
(521 SE2d 226)

MCMURRAY, Presiding Judge.

Defendant was indicted on one count of child molestation for sexual acts directed at L. T., the minor daughter of defendant's female friend. A jury found him guilty as charged. His motion for new trial, as amended, was denied, and he now appeals. *Held*:

Viewed in the light most favorable to support the jury's verdict,

the evidence shows that L. T., then 14 years of age, ran away from home one day in April 1997. When L. T. returned home, her mother angrily ordered L. T. out of her apartment. Defendant, the mother's male friend, saw L. T. walking away from the apartment and offered to drive L. T. to his apartment. L. T. accepted. When they got there, defendant told L. T. she needed a shower and he had to take L. T.'s clothes off himself, even though L. T. "thought she was so grown." While L. T. showered, defendant "kept coming in there and stuff and . . . [defendant] didn't have nothing on but his underwear." After showering, L. T. got her bra back on, but defendant said "[she] didn't need to put [her] clothes back on because they stink." Defendant got her to his bed and "started doing all this kind of crazy stuff." "He had her on [her] back and [she] couldn't get up." As she cried and screamed, defendant told her, "[S]top acting like a little bitch. . . ." Defendant showed L. T. his pubic hair and said, "[I]t was no gray hair because he's not old and stuff like that." Defendant told L. T. to "hug him with her legs wrapped around his back . . . with his underwear off." Defendant "was feeling with his finger . . . in [L. T.'s] vagina and telling her to keep this a secret and [she] need to do good in school and stuff like that." L. T. went to the bathroom in tears, and defendant followed. There defendant "gave L. T. money to keep it quiet," and as defendant was lifting L. T. to the bathroom counter top "hugging [her]" and "squeezing [her] butt[,]" L. T.'s mother arrived to take defendant to work. L. T. managed to get dressed but said nothing regarding what had occurred. L. T. testified that "[i]t was kind of hard to talk about so . . . [her mother] told [L. T.] to write it to her." L. T. wrote her mother three letters, admitted in evidence without objection, describing the event and her feelings. On a visit to the apartment, L. T.'s father, who was estranged from her mother, found one of the letters. He then went to defendant's apartment and, not finding him, called the police.

1. Defendant contends that his trial attorney was ineffective because he: (a) failed to object to the admission in evidence of L. T.'s letters accusing him of molesting her; (b) failed to object to such letters going out with the jury during deliberations; (c) failed to adequately investigate the facts and law of his case; and (d) failed to obtain the presence and testimony of witnesses necessary to his alibi defense. Although defendant requests we test his claims of ineffective assistance of counsel for prejudice cumulatively, "[Georgia] does not recognize the cumulative error rule." *Bridges v. State*, 268 Ga. 700, 708 (9) (492 SE2d 877).

"(T)he proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or

state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) ((1984)). First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations and punctuation omitted.) *White v. State*, 216 Ga. App. 583 (1) (455 SE2d 117) (1995).

*Gomillion v. State*, 236 Ga. App. 14, 16 (3) (512 SE2d 640).

As to each specification of alleged ineffectiveness, defendant has not established that his trial counsel's performance was deficient under the standard of *Strickland v. Washington*, supra. Failing to object to L. T.'s letters to her mother and allowing them to go out with the jury during deliberations was not deficient but was sound trial strategy, because the letters were consistent with defendant's defense, i.e., that the letters were fabrications written out of revenge for defendant's refusal to give her $100 for "Freaknik." *Hughes v. State*, 217 Ga. App. 766, 768 (2) (458 SE2d 911). The record does not support defendant's claim trial counsel failed to investigate the facts and law of his case. Trial counsel testified he met with defendant on multiple occasions; he discussed the State's discovery with defendant at length; he discussed potential witnesses with defendant but defendant had none; and, in coordination with defendant, he developed and executed the revenge defense used at trial. Certainly trial counsel is not deficient for failing to put on an alibi defense when, as here, defendant admitted being with L. T. on the date of the alleged offense. Asked on direct examination if he had molested L. T., defendant ambivalently replied, "No, no, no. Maybe I should have." Asked if he had inserted a finger in L. T.'s vagina, defendant answered more firmly, "No, I didn't." Under these circumstances, the trial court did not err in overruling defendant's motion for new trial on the special ground of ineffective assistance of counsel. *Smith v. State*, 256 Ga. 483 (351 SE2d 641); *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61).

2. Defendant also contends the trial court committed harmful error in telling the jury that trial counsel had been held in contempt

of court outside their presence, arguing that this rendered him constructively ineffective as counsel. We disagree.

On cross-examination at trial, trial counsel asked L. T., "All right. I want to try to determine where you were on somewhere around the 11th of April of 1997 until about the 13th of April of 1997, were you in jail during that time?" The State's attorney objected and asked that the jury be taken out. In the out-of-court hearing which followed, the trial court sustained the objection and held trial counsel in contempt, sentencing him to a $100 fine or five days in jail. When the trial resumed, the trial court instructed the jury, "Ladies and gentleman, I have sustained the objection of the last question asked and ruled there is no basis of fact for that question and held the lawyer in contempt. I ask for you to disregard that question entirely."

Although it is better for the trial court not to tell the jury that it found trial counsel in contempt of court at an out-of-court hearing, reversible error does not result where there is no prejudice to the defendant. *Bryan v. State*, 168 Ga. App. 711, 712 (3) (310 SE2d 533). Moreover, if a witness or party is held in contempt in the presence of the jury, reversible error does not result where the defendant does not move for mistrial, request cautionary instructions or otherwise indicate to the trial court that the jury was unduly influenced by such action. *Roberts v. State*, 208 Ga. App. 628, 629 (1) (431 SE2d 434). "A party may not acquiesce in actions by the trial court and later complain of that same conduct on appeal. See *Davis v. State*, 203 Ga. App. 315, 318 (6) (416 SE2d 789) (1992)." Id.

Here the contempt finding was made outside the presence of the jury. The trial court explained the finding of contempt to the jury saying only that there had been no basis in fact for the last question asked by trial counsel. The trial court gave a cautionary instruction directing the jury to disregard the question. Further, trial counsel neither moved for a mistrial nor asked for a curative instruction. Although trial counsel did take exception to the trial court's ruling, he did not do so out of concern that the jury had been contaminated. Thus, under the facts of this case, there is no reversible error.

3. Defendant's final enumeration urges the general grounds. "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

> "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys a presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only deter-

mines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Conflicts in the testimony of witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Turner v. State*, 223 Ga. App. 448, 449 (1) (a) (477 SE2d 847).

*Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489).

The testimony of a victim of child molestation or aggravated child molestation need not be corroborated. *Turner v. State*, 223 Ga. App. at 449 (1) (b), supra; *Toles v. State*, 202 Ga. App. 815 (1) (415 SE2d 531); *Saunders v. State*, 195 Ga. App. 810 (1) (395 SE2d 53); *Fitzgerald v. State*, 193 Ga. App. 76 (2) (386 SE2d 914). Nevertheless, L. T.'s testimony in the case sub judice was corroborated by the letters she wrote to her mother. The evidence was sufficient under the standard of *Jackson v. Virginia*, supra, to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of child molestation as alleged in the sole count of the indictment. *Dent v. State*, 220 Ga. App. 147 (1) (469 SE2d 311); *Turner v. State*, 223 Ga. App. 448, supra.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 23, 1999 ▆▆▆▆▆▆▆▆▆

*Steven E. Lister*, for appellant.

*Robert E. Keller, District Attorney, Nancy T. Bircher, Assistant District Attorney*, for appellee.