A00A0282. VICKERS v. THE STATE.
(527 SE2d 217)

McMURRAY, Presiding Judge.

A Floyd County jury convicted defendant of two counts of child molestation for sexual acts[1] directed at J. B., his stepdaughter. He was sentenced to 20 years confinement to serve 15 years, the remainder probated as to the first count, and to 20 years confinement on the second count to be served on probation consecutively. He now appeals, contending the evidence was insufficient to support his convictions because J. B.'s testimony was uncorroborated under the Child Hearsay Statute, OCGA § 24-3-16,[2] as not supported by suffi-

---

[1] The first of the counts of which defendant was convicted charged him with touching and fondling J. B.'s breasts and vagina; the second charged defendant with attempting to place his penis in J. B.'s vagina for the purpose of engaging in sexual intercourse.

[2] OCGA § 24-3-16 provides that
[a] statement by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with

cient indicia of reliability. *Held*:

The evidence shows that in June 1997, a school counselor reported to the Department of Family & Children Services (DFACS) that 13-year-old J. B. had revealed that the defendant, her stepfather, gave her cigarettes on the condition she kiss him — a single cigarette for a kiss on the cheek, a package of cigarettes for a french kiss. J. B. also indicated that defendant supplied her alcohol and allowed her to drive in exchange for kisses. At trial, J. B. pertinently testified that defendant began these things when she was twelve, that within a year defendant began touching her breasts and vagina, while "shaking and breathing hard," and on one occasion, failing in an attempt to have sexual intercourse with her after she had taken a shower. This testimony was consistent with that of Sergeant Terri Davis of the Floyd County Police Department who testified that upon interviewing J. B. before trial, J. B. spoke of similar events. The State's attorney played an audiotape of such interview at trial, without objection, following J. B.'s testimony. Therein, among other things, J. B. corroborated her mother's testimony insofar as her mother testified that upon confronting defendant with his actions, he admitted having oral sex with J. B., explaining that he loved her.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Turner v. State*, 223 Ga. App. 448, 449 (1) (a) (477 SE2d 847). The testimony of a victim of child molestation or aggravated child molestation need not be corroborated. Id. at 449 (1) (b); *Toles v. State*, 202 Ga. App. 815 (1) (415 SE2d 531); *Saunders v. State*, 195 Ga. App. 810-811 (1) (395 SE2d 53); *Fitzgerald v. State*, 193 Ga. App. 76 (2) (386 SE2d 914). Nevertheless,

---

or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

J. B.'s testimony was here corroborated by defendant's admission of oral sex with J. B. to her mother. Even had this not been so, J. B.'s testimony standing alone would have been sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to authorize the jury to have found the essential elements of the crimes in the case sub judice. *Turner v. State*, 223 Ga. App. at 449 (1) (b), supra; *Dent v. State*, 220 Ga. App. 147 (1) (469 SE2d 311). Inasmuch as this is the case, we need not address the sufficiency of the evidence under the Child Hearsay Statute, though we nonetheless conclude upon our review of the record that such evidence was properly admitted. *Medina v. State*, 234 Ga. App. 13, 14 (1) (a) (505 SE2d 558) (statutory requirement for finding that child/victim's statement supported by sufficient indicia of reliability satisfied " 'if after both parties have rested, the record contains evidence which would support such a finding.' . . . *Gregg v. State*, 201 Ga. App. 238, 239 (3) (a) (411 SE2d 65) (1991)"). See also *James v. State*, 270 Ga. 675, 676 (3) (513 SE2d 207) (a prior consistent statement, here the audiotape, is admissible where a witness' credibility is in issue, "and that witness is present at trial, under oath, and subject[3] to cross-examination. . . . *Edwards v. State*, 255 Ga. 149 (2) (335 SE2d 869) (1985)").

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 14, 1999.

*William A. O'Dell*, for appellant.
*Tambra P. Colston, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.

---

[3] Though J. B. had left the stand at the time the audiotape was played, defendant's right to a thorough and sifting cross-examination left her subject to recall for cross-examination. *Martin v. State*, 151 Ga. App. 9, 17 (8) (258 SE2d 711).