### A00A0841. ROWE v. THE STATE.
(538 SE2d 452)

SMITH, Presiding Judge.

Leon Marcellus Rowe was convicted on two counts of child molestation and one count of aggravated child molestation. His motion for new trial as amended was denied, and he appeals. We find no error, and we affirm.

1. Rowe first contends that the evidence was insufficient to support the jury's verdict. The State presented the testimony of the three victims. The first victim, who was 12 at the time of the alleged incident, testified that she was attending day camp and had exited the ladies' bathroom when Rowe called out to her from the men's bathroom. She testified that she walked toward him, and he pulled her into the men's restroom, into a stall, pulled down her shorts and underwear, and "put his penis inside my butt." Although she said

---

nothing when this activity first began, she testified that after a while she told him to "stop," explaining that she was only 12. She stated that she did not make an immediate outcry because she was scared.

The second victim, 14 at the time of the alleged incident, knew Rowe socially. She testified that at her invitation Rowe came to her aunt's house, and she left with Rowe in his car. Sometime later, while the two were inside his car, he began kissing her "so I would stop talking." According to this victim, Rowe grabbed her neck and pushed her down, eventually having sexual intercourse with her, without her consent.

The third victim was 13 at the time of the alleged incident. She testified that she was visiting the home of a friend when Rowe burst in the door, while the friend was in the shower. According to the victim, after Rowe apparently danced for a short time, he threw her onto the couch and "got on top" of her, and although she tried to push him away, he managed to pull off her pants and underwear, unzip his pants, and have sexual intercourse with her. Rowe denied inappropriate sexual contact with any of the victims.

We find no merit in Rowe's contention that the evidence was insufficient to convict him.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant . . . no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Vickers v. State*, 241 Ga. App. 452, 453 (527 SE2d 217) (1999). Furthermore, "[t]he testimony of a victim of child molestation or aggravated child molestation need not be corroborated." (Citations omitted.) Id.

Here, Rowe's arguments that the victims' testimony was contradicted and even that one victim's testimony was so contradictory "as to lack credibility" are unavailing. As stated in *Vickers*, the jury was the judge of witness credibility, and "[a] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it. [Cit.]" *Drake v. State*, 238 Ga. App. 584, 586 (1) (519 SE2d 692) (1999). The

facts as testified to by the victims authorized the jury to convict Rowe of the crimes charged against him, and the trial court therefore did not err in denying his motion for new trial on the general grounds.

2. Rowe contends that the State impermissibly injected evidence of his character into the trial. During direct examination of one of the victims, the prosecutor asked whether she knew the other two victims when she made an outcry against Rowe. After receiving a negative answer, the prosecutor then asked whether she knew "whether anyone else had made a complaint to the police about any sexual assault against them." The victim answered affirmatively, and the prosecutor instructed her to "tell the jury about that." The victim answered, "My mom had said that it was two other girls that . . . ," and defense counsel objected. The trial court sustained the objection, and the State proceeded with the case.

We do not agree with Rowe that reversal is required. First, the prosecutor did not ask whether any other complaints had been made against Rowe, nor did the victim directly answer that anyone had made other allegations against Rowe. But even if an inference arose from this line of questioning that two other individuals had complained about Rowe's sexual behavior, defense counsel failed to move for mistrial, and error, if any, therefore was not preserved for appeal. See *McCannon v. State*, 268 Ga. 393, 395 (5) (489 SE2d 801) (1997).

3. Rowe contends he was denied effective assistance of counsel in three respects: trial counsel's failure to move for a mistrial when the State elicited testimony of bad character as discussed in Division 2; trial counsel's eliciting evidence of bad character from one of the victims and from Rowe himself; and defense counsel's "advising and permitting the defendant to testify at trial."

To prevail on a claim that trial counsel was ineffective, an appellant must show that counsel's conduct was deficient and that a reasonable probability exists that, but for counsel's errors, the outcome of the case would have been different. *Tenant v. State*, 218 Ga. App. 620, 622 (4) (462 SE2d 783) (1995). Trial strategy and tactics do not amount to ineffective assistance of counsel. Id.

Defense counsel testified on motion for new trial that he did not move for mistrial when the State elicited testimony concerning other complaints because he did not believe the testimony "reached the level of prejudicial conduct or statements that would give rise to a mistrial." Even more importantly, he testified that he thought Rowe "had a very good jury considering our defense and the charges against" Rowe and that he did not believe a mistrial "would have been advantageous to our position." Based on this testimony, his failure to move for mistrial clearly was a matter of trial strategy. See *Aleman v. State*, 227 Ga. App. 607, 613 (3) (d) (489 SE2d 867) (1997); *McKenzie v. State*, 223 Ga. App. 108, 110 (1) (b) (ii) (476 SE2d 868)

(1996). Similarly, the record shows that defense counsel's questions to one of the victims and to Rowe himself, which elicited testimony about Rowe's nickname and the name of his rap group, were matters of trial strategy intended to elicit possibly unfavorable testimony before the State succeeded in doing so.[1]

Finally, Rowe's contention that trial counsel was ineffective because he did not prevent him from testifying is, as argued by the State, spurious. A criminal defendant has a fundamental right to testify. See, e.g., *Mobley v. State*, 264 Ga. 854, 855-856 (2) (452 SE2d 500) (1995). And the decision whether to testify lies solely with the defendant after full consultation with counsel. *Washington v. State*, 238 Ga. App. 561, 562 (2) (d) (519 SE2d 234) (1999). Trial counsel unequivocally testified that he advised Rowe not to testify but that Rowe insisted on doing so. Indeed, as argued by the State, under the circumstances of this case, trial counsel likely would have been ineffective had he prevented Rowe from testifying.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 27, 2000.

*Elizabeth C. Calhoun*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[1] We reach this argument despite the fact that Rowe provides no citation to the record or argument, apart from the general statement in his brief that trial counsel elicited evidence of bad character from one of the victims and from Rowe. We would be authorized to consider this contention abandoned under these circumstances. See Court of Appeals Rule 27 (c) (2), (3) (i).